MOSES BEAR, Appellant, v. C. H. YOUNGMAN, Respondent.

Kansas City Court of Appeals, October 26, 1885.

1. JUDGMENT—GROUND FOR INJUNCTION AGAINST.—A judgment rendered by a justice of the peace on Thanksgiving day is not void. Rev. Stat., sec. 2848. And if it were void that fact alone is no ground for enjoining the execution of such a judgment. *Stockton, Exec'r, v. Ranson, Adm'r*, 60 Mo. 539.

APPEAL from Mercer Circuit Court, HON. CHAS. H. S. GOODMAN, Judge.

*Affirmed.*

The facts are stated in the opinion.

MARTIN REED, for the appellant.

I. Can the citizens of this state be required to attend upon justice's courts when no emergency exists? The Revised Statutes, section 551 and 4039, mean to recognize the principle that there is a Supreme Ruler to whom the people ought to *give thanks* for prosperity, and that so far as ordinary process is concerned the day shall be held sacred to those who feel under an obligation to do so.

II. It is clear that the legislature, by providing that other auxiliary acts of much less importance to parties shall not be done, as in section 4039, intended to protect citizens in the enjoyment of Thanksgiving as a holiday, free from the intrusion of the civil process.

M. F. ROBINSON and H. G. ORTON, for the respondent.

I. The only statute creating Thanksgiving day a public holiday is section 557, Revised Statutes. But only for certain purposes therein named, to-wit: matters relating to mercantile paper.

II. The statute relating to justices' courts, Revised Statutes, section, 2848, authorizes them to hold court and render judgment on any day except Sunday. Section 4039, Revised Statutes, relates only to writs and service thereof.

III. Plaintiff had ample opportunity to appeal. Having failed to do this, or of his remedy at law, he is not entitled to this remedy by injunction. *Reed, Adm'r, v. Housard,* 37 Mo. 199; *Stockton, Exec'r, v. Ranson,* 60 Mo. 535, and cases there cited.

IV. The judgment is not void. It was a valid

judgment until set aside, or appeal taken. There is nothing in the statute prohibiting the rendering a judgment on that day. *Dunlap v. State*, 9 Texas Court Appeals, 35 ; Am. Rep. 736.

HALL, J.—This was a suit by injunction for the purpose of enjoining the defendant, who was the constable of Morgan township, Mercer county, Missouri, from selling plaintiff's goods under an execution issued by Jesse Trapp, a justice of the peace of said township, upon a judgment rendered by said justice in favor of C. L. Hart and William Hart, for $46.65 and costs.

The judgment was rendered on the 30th day of November, 1882, the same being Thanksgiving day, under the proclamation of the president of the United States' and also under proclamation of the governor of the State of Missouri.

Summons was properly served and the only objection to the authority of the defendant, as constable, to seize and sell the goods under the execution, is, that the judgment was rendered on Thanksgiving day. The defendant demurred to the petition for the reason that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the trial court. And on motion of the defendant the injunction was dissolved. The plaintiff has appealed to this court.

I.

Section 2848 of the Revised Statutes provides that "every justice of the peace may hold court for the trial of causes of which he has jurisdiction, as often as may be necessary for the purposes of justice, and may hold such court on any day except Sunday, * * *." The judgment rendered by the justice was, therefore, not void. Section 551 and 4039 of the Revised Statutes cited by appellant are not in point.

II.

But even if such judgment had been void, that fact

alone did not entitle plaintiff to the relief prayed for. *Stockton, Exec'r, v. Ranson, Adm'r,* 60 Mo. 539, and cases cited.

The judgment of the circuit court is affirmed. All concur.