Diesing v. Reilly.

VICTOR DIESING, Respondent, v. WILLIAM V. M. REILLY, Appellant.

St. Louis Court of Appeals, December 13, 1898.

1. **Practice**: TIME ALLOWED: SECTION 8952, REVISED STATUTES CONSTRUED. Sunday is not to be counted as part of the time allowed for judicial proceedings, nor for any matters of practice or procedure in the courts.

2. ———: ———: JUDGMENT. There is no rule forbidding the performance of judicial duties on Christmas, twenty-fifth of December, or the other holidays mentioned in section 8952, Revised Statutes 1889. That section merely prohibits the service of civil process, except in certain attachment cases, but a judgment rendered on one of the days mentioned in the statute is not void.

3. **Appeal from a Justice's Judgment**: FORCIBLE ENTRY AND DETAINER. An appeal from a justice's judgment if taken during the session of the circuit court, must be completed in six days in order to vest that court with jurisdiction.

4. ———. In the case at bar the circuit court was in session; the judgment of the justice was rendered on the twentieth of December. The appeal and transcript, even if Sunday, the twenty-sixth of December, is excluded, should have been filed at least on Monday, the twenty-seventh of December.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

RUSSELL & ALDERSON for respondent.

This suit being one for unlawful detainer, and the verdict and judgment having been rendered when the circuit court was in session, the appeal should have been taken before six days, and the transcript of the justice of the peace should have been filed with the clerk of the circuit court "within six days" thereafter. The sixth day after the rendition of the verdict and

judgment was on Sunday; therefore, the time within which the appellant should have taken his appeal was on the previous Friday, and he should have filed the transcript with the clerk of the circuit court on the Saturday preceding, December 25. For when the last day within which the act is to be performed falls on Sunday, such day shall be excluded, and the preceding day is the limit of the time within which the act shall be done. The statute requiring the appeal to be perfected and the transcript to be filed with the clerk of the circuit court within a certain time must be complied with literally. "It is the only way in which the appellate court can acquire jurisdiction of the subject-matter of the former trial." Robertson v. Walker, 45 Mo. 119; R. S. 1889, sec. 5138; R. S. 1889, sec. 6570; Patrick v. Faulke, 45 Mo. 812. Neither the fault of the justice of the peace nor any other cause can avail the appellant as an excuse for not taking his appeal within the statutory period. His remedy, if any, is by proceedings against the justice. There was no escape from sustaining the motion to dismiss the appeal. Bernicker v. Miller, 44 Mo. 126; R. S. 1889, secs. 6333, 6334. There can be no filing of the transcript in an appeal from a justice of the peace in the city of St. Louis until a fee of $1 be paid to the clerk of the circuit court. The legislature has declared that "no writ shall be issued in any such action or transcript filed in any such appeal case, unless such fee be so paid." 2 R. S. 1889, p. 2148, sec. 17.

. H. A. LOEVY for appellant.

The case was tried and judgment rendered on December 20. Appellant appealed and filed bond December 27, and handed transcript to circuit clerk December 28, who made memorandum of receipt of

that date, but did not, however, put formal file-mark on it until, and as of date, December 30, at which time filing fee was paid him. Section 5137 provides that appeal must be taken and bond filed in ten days after judgment and before return day of appeal, although return day may be within ten days after judgment. The return day of appeal, by section 5138, is six days after judgment if circuit court is in session, and first day of next term if in vacation. As the circuit court was in session, appeal was returnable in six days after judgment, section 5138, which ordinarily would be December 26. But in this period there were two non-legal and non-judicial days: Saturday, December 25 (Christmas), and Sunday, December 26, on neither of which could appellant have taken appeal or given bond, or filed his transcript, as the justice's and clerk's offices were not open. A holiday is a secular day, upon which the usual obligations of labor, attendance upon courts and attention to notices and service, and service in legal proceedings are, by law, remitted. In a sense Sunday is a holiday, but, as the word is usually employed, it does not include Sundays; thus Sundays and holidays is a common and correct expression. 9 Am. and Eng. Ency. Law, 419. * * * As the two holidays should not be counted against him, appellant had until and including December 28 to file. He did file on that date (December 28), as the memorandum of the clerk indicates, because he handed the papers to the clerk for the purpose of filing them, and the clerk received them. It is immaterial that the clerk did not put the file-mark on. That is merely evidence of filing. Appellant is not responsible for his failure to do so. 72 Mo. 664. "A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file." Black Dic., p. 492; Rawle's Bouvier, p. 782. "The lodgment of the policy with

the justice, though not marked filed by him, was a sufficient filing within the meaning of the statutes. 68 Mo. App. 415; 55 Mo. App. 466; 46 Mo. App. 193; 57 Mo. 83; Anderson's Law Dic. 459." Crenshaw v. Ins. Co., 71 Mo. App. 47. Sunday was the sixth calendar day after judgment, and being the last day it is expressly excluded by statute, so that he had all day Monday, December 27, even if we include Christmas Day. 2 R. S., p. 1542, lines 5 to 7. He filed affidavit, gave bond and was allowed appeal on December 27. The justice should have given him the transcript at once, but instead told him to come back the next day. * * * I am sure, though, the law means six full secular days because the justice can not allow appeals on holidays nor does the clerk open his office or file papers on Sundays or other holidays. "An appellant can not, moreover, be held responsible for the failure of public officials to perform their duties. Where he has tried to comply in good faith with all the obligations imposed by law regulating appellate procedure, he will not lose appeal, because of misconduct of an official prevents his effecting it in time." 2 Ency. Pl. & Pr. 246. "Where the statutory requirement is deemed mandatory. no extension of time can be granted except where the failure to file is due solely to the neglect or default of an official, for which appellant is not responsible." 2 Ency. Pl. & Pr. 279, 280. "Generally a failure to file the transcript in time is excusable where due to mistake or inadvertence of the appellant or some unavoidable cause." Ib., p. 280. "An appellant will not lose his appeal for a fault due entirely to the neglect of an official." Ib., p. 345. The common law maxim is decidedly in point here: "*Actus curiac neminem gravabit*" (an act of the court shall prejudice no man). I submit therefore: (a) Appellant had six secular days after December 20 to take appeal, give

bond and file transcript; that Christmas (December 25) and Sunday (December 26) are excluded, and that he had until and including December 28 to file, and did file on December 28.   (b) Appellant had six secular days from date penalty of appeal bond was fixed by justice to give same and file transcript, that it was not fixed until December 23, and that within six secular days after December 23 (i. e., December 30) he did file it.   To hold otherwise is to stick in the bark, is to say to a litigant, "you can appeal but you will be held responsible for the delay of the justice in fixing the amount of the bond (which is entirely discretionary with the justice, section 4141), and in furnishing transcript.   Appellant was absolutely incapacitated from giving a bond until he knew the amount of the penalty and he could not appeal without giving bond and getting transcript.   "In pursuing this course we do not follow well approved precedents, and allow the reason of the law to prevail over its letter; for the letter killeth, but the spirit · maketh alive."   2 Cor. 3:6. Farris v. Coleman, 103 Mo. 352.

BOND, J.—This is an appeal from an order of the circuit court dismissing an appeal taken by defendant from a judgment of a justice of the peace in an action of unlawful detainer, rendered December 20, 1897. The justice allowed an appeal to the circuit court December 27, 1897.   A transcript of the proceedings before him was filed in the circuit court, with the following indorsements thereon, to wit, "12. 28. '97;" also "Filed December 30, 1897, 12.44 P. M."   On the twenty-fourth of February plaintiff moved the circuit court to dismiss the appeal as being out of time.   Defendant filed an affidavit that the transcript was deposited with the deputy clerk of the circuit court on the twenty-eighth of December, 1897, and that he

placed thereon the notation of 12, 28, '97, to indicate that fact. The circuit court sustained the motion to dismiss, and defendant appealed.

The only question presented by this appeal is whether or not Saturday and Sunday being respectively the twenty-fifth and twenty-sixth days of December are to be excluded from the six days allowed for the appeal in this case from the fact that the circuit court was in session at the time it was taken. We think the notation 12, 28, '97, on the back of the transcript together with appellant's affidavit that it was made by the deputy clerk of the circuit court when the transcript was delivered, rendered it reasonably certain that the appeal was perfected on the twenty-eighth day, which would make it timely if *both* of the above mentioned days are excluded from the computation. It has always been held that Sunday is not to be counted as part of the time allowed for judicial proceedings nor any matters of practice or procedure in the courts. State v. May, 142 Mo. loc. cit. 149, and cases cited. We are not, however, aware of any rule forbidding the performance of judicial duties on Christmas (twenty-fifth of December), or the other holidays mentioned in section 8952, Revised Statutes 1889. That section merely prohibits the service of *civil* process, except in certain attachment cases, but a judgment rendered on one of the days mentioned in the statute is not void. Bear v. Youngman, 19 Mo. App. 41. Neither have we been shown any authority for the exclusion of the twenty-fifth of December as a part of the time allowed for the performance of a statutory act. It has been expressly held by the supreme court that an appeal from a justice's judgment in an action of forcible entry and detainer, if taken during the session of the circuit court, must be completed in six days, in order to vest that court with jurisdiction.

Robinson v. Walker, 45 Mo. 117. In the case at bar the circuit court was in session. The judgment of the justice was rendered on the twentieth day of December. The appeal and transcript, even if Sunday the twenty-sixth of December is excluded, should have been filed at least on Monday, the twenty-seventh of December. Even upon the most favorable construction of the record entry of the filing of the transcript it was not filed until December 28, hence it was out of time, and we can not reverse the action of the circuit court in so holding.

The judgment herein is affirmed. All concur.