THE STATE v. THOMAS GOULD, Appellant.

**In Banc, November 17, 1914.**

1. **INFORMATION: "With a Certain Deadly Weapon."** The use of the word "with" before the words "a certain deadly weapon," in an information charging assault with intent to kill, does not vitiate the information.

2. **ASSAULT WITH INTENT TO KILL: Self-Defense: Evidence.** After an altercation between defendant and W in a saloon W left and his hat was thrown after him into the street. When W returned with his brother to get his hat, as he says, defendant and his partner came out of the saloon with pistols, and defendant, after reviling the brothers, shot at W but missed him. W threw a rock that struck defendant, and then ran, whereupon defendant shot him twice in the hip. Defendant, however, testified that W struck him with the rock and shot at him before he fired. *Held,* that the question whether defendant acted in self-defense, or, with malice, assaulted W with intent to kill him, was for the jury.

3. **JEOPARDY: Jury Sworn Before Arraignment.** Defendant in a criminal case was not twice put in jeopardy where, after the

State v. Gould.

jury had been sworn, it was discovered there had been no arraignment, and after he had then been arraigned and refused to plead the trial proceeded to his conviction.

4. NONPREJUDICIAL ERROR: Refusal to Plead at Arraignment: No Entry of Plea: Appeal. The failure to enter of record a plea of not guilty where, after the jury had been sworn, defendant was arraigned and refused to plead, stating that he stood on his "constitutional right to a discharge" as having been already placed in jeopardy on the same charge, was an error not prejudicial to the defendant on the merits, and therefore (R. S. 1909, sec. 5115) not warranting reversal. [Concurring opinion by GRAVES, J., distinguishing State v. O'Kelley, 258 Mo. 345.]

5. DATE OF CRIME: Instructions: Information and Proof. Where the jury heard the information read, charging that the offense occurred December 19, 1912, and the evidence on both sides showed its occurrence on that date (a time within three years of the filing of the information), an instruction was not erroneous which laid the crime as within three years next before the filing of the information but gave no date.

6. ASSAULT WITH INTENT TO KILL: Malice: Instructions: Verdict. Where the information charged defendant with assault with intent to kill, with malice, and the jury found him guilty as charged, an instruction which told the jury that if they found the facts as stated therein they should find defendant guilty of assault with intent to kill, erred, if at all, in favor of defendant in not requiring the jury to specify in their verdict that the assault was made with malice.

7. HOLIDAYS: Valid Sentence and Judgment. Judgment and sentence entered on a legal holiday other than Sunday are valid.

Appeal from St. Francois Circuit Court.—*Hon. Peter H. Huck*, Judge.

AFFIRMED.

*B. H. Boyer* for appellant.

(1) The swearing of the jury the first time caused jeopardy to set in and hence defendant's motion for a directed verdict should have been sustained. Ex parte Snyder, 29 Mo. App. 260. (2) Instruction 1, given by the court was erroneous as not properly de-

claring the law of the case to the jury. It is in conflict with all the other instructions in the case and is misleading, confusing and resulted in the verdict rendered herein. .Said instruction is at variance .with the information and wholly improper, especially for the following reasons: Because said instruction directs the jury to find the defendant guilty if they find that "at any time within three years, next, before the filing of the information" he did certain things, and yet fails to inform the jury of the date laid in the information, or the date of the filing thereof. Because said instruction directs the jury to find defendant "guilty of assault with intent to kill" if certain facts were found and yet failed to tell the jury of what degree of said crime they should find him guilty. Because said instruction failed to tell the jury what it takes to constitute the crime of assault with intent to kill with malice aforethought, or that they found the necessary facts to find the defendant guilty of said crime as he stands charged in the information, as it should have done. Because said instruction and in fact all the instructions given in the case, submit the case to the jury upon the theory that there was a shooting at when the information charges a shooting. "The purpose of instructions is to inform the average layman of the jury of a clear and plain view of the legal principles applicable to the case, by which he may be guided to a just result." Blanton v. Dold, 109 Mo. 64; State v. Turlington, 102 Mo. 642; State v. Lewis, 118 Mo. 79; State v. Bryant, 55 Mo. 309. "Issues not pleaded should not be submitted by instruction." Fairgrave v. Moberly, 29 Mo. App. 141. "An instruction which is broader than the indictment should not be given." State v. Smith, 119 Mo. 439. "As to degree of crime there must be an instruction." State v. Wyatt, 50 Mo. 309. (3) The verdict is not in proper form and will not support a judgment. There is a great line of cases in this State holding that where

there are two or more charges in the same count of the information, such as in burglary and larceny, that there must be a separate finding on each count or charge if a conviction on each or either and that a general finding will not suffice. State v. McGee and McGraw, 181 Mo. 315; State v. Jones, 168 Mo. 403; State v. Rowe, 142 Mo. 440; State v. Logan, 209 Mo. 402; State v. McCune, 209 Mo. 400; State v. Kelley, 206 Mo. 694; State v. DeWitt, 186 Mo. 67; and a great many other cases that might be cited. What would have been the result in this case if the jury should have returned the verdict they did but had assessed the punishment at imprisonment in the county jail for one year, or at a fine of one hundred dollars? (4) The motions for new trial and in arrest of judgment were overruled and, over the insistent protest of defendant, he was sentenced and judgment was passed and pronounced by the court on May 30, 1913. May 30th is, by virtue of Sec. 6701, R. S. 1909, a legal or public holiday. If civil judgments and executions thereon are prohibited on public holidays, and yet men may be deprived of their lives or liberty on such a day, then the constitutional inhibition against refusing to extend the equal protection of the law to all men is violated.

*John T. Barker,* Attorney-General, and *Thomas J. Higgs,* Assistant Attorney-General, for the State.

(1) The cases of State v. Wilson, 172 Mo. 428, and State v. Baker, 216 Mo. 543, cited in appellant's brief, if anything, sustain the information in the case at bar. Notwithstanding the statement in the appellant's brief, the information in this case does charge that "the said Thomas Gould . . . did shoot off, at, against and upon the said Charles Whaley," and clearly alleges that the assault was committed by shooting. It is not necessary that the information should

allege that the weapon was "had or held in his hand or hands," as contended by the appellant. (2) The verdict finds "the defendant guilty as he stands charged in the information." This is a general verdict, and is proper in form and substance according to the decisions of this State. The information charged "assault with intent to kill with malice," and the words "with malice aforethought" in the verdict are unnecessary in order that the verdict be valid as to the charge alleged, the verdict being a general verdict and finding the defendant guilty as charged. State v. Bishop, 231 Mo. 411; State v. Williams, 191 Mo. 205. Where the information charges but one offense, a general verdict is sufficient in form. State v. Gordon, 196 Mo. 185; State v. Stark, 202 Mo. 210; State v. Martin, 230 Mo. 691; State v. Richardson, 248 Mo. 574. In the case at bar the court instructed the jury in instruction 1 as to assault with intent to kill with malice and in instruction 2 as to assault with intent to kill without malice. The information charged assault with intent to kill with malice and the jury returned a general verdict finding the appellant guilty under instruction 1. (3) It is contended that instruction 1 is faulty in that it instructs the jury on the question of the Statute of Limitations, using the words "at any time within three years next before the filing of the information," and does not set out the date on which the information is filed. There was no doubt in the evidence as to the exact date of the shooting and the assault, the evidence on this point not being in conflict. The information and the oath thereto were read to the jury, and the date of the oath must be assumed to have been on the same date as the filing of the information. Although it is customary in instructions to state the date upon which the information is filed, yet no decision can be found which holds that the omission of the date renders the instruction faulty. On the contrary, this court has held that the information is proper in

form. Patterson's Instructions in Criminal Cases, sec. 85; State v. Washburn, 48 Mo. 240. It is contended that instruction 1 does not fully define "assault with intent to kill with malice." The contention of the appellant in this regard is unfounded. There are no degrees of "assault with intent to kill with malice," and the jury are fully directed in the second instruction as to "assault with intent to kill without malice" in the court's instruction 2. The court might have added "as charged" after the words "assault with intent to kill," but this was entirely unnecessary. State v. Tetrick, 199 Mo. 102; State v. Harris, 229 Mo. 423. (4) The record fails to show that a plea of "not guilty" was entered for the defendant by the court on defendant's refusal to plead. The facts as they appear from the record and the bill of exceptions are such as to apprise the appellant fully of the charge against him. The appellant heard the charge read to him. There was evidently an announcement of ready in the case when it was called and every opportunity was given him to enter his plea. After the formal arraignment the appellant did not object in any way to the failure of the court to enter the plea of record, and only did object at that time to proceeding with the trial for the reason there had been prior jeopardy. The case of State v. O'Kelley, 258 Mo. 345, squarely presents the necessity of a plea of guilty being entered of record. However, the facts above stated, we believe, present a stronger example of an instance of waiver of the plea on the part of the defendant. It cannot be said that there was any prejudice to the substantial rights of the defendant on the merits, and we believe the Statute of Jeofails, Sec. 5061, R. S. 1909, would clearly apply.

ROY, C.—Defendant was convicted of an assault with intent to kill with malice, and sentenced to three years in the penitentiary. The information so far

as it is necessary to set it out charges that defendant "on the nineteenth day of December, A. D. 1912, at and in the county of St. Francois and State of Missouri, in and upon one Charles Whaley, feloniously, wilfully, on purpose and of his malice aforethought did make an assault; and the said Thomas Gould with a certain deadly weapon, to-wit, a revolving pistol loaded with gunpowder and leaden balls, then and there feloniously, wilfully, on purpose and of his malice aforethought did shoot off, at, against and upon the said Charles Whaley then and there giving to the said Charles Whaley in and upon the body of him, the said Charles Whaley, with the pistol aforesaid, two wounds, with the felonious intent then and there him, the said Charles Whaley, feloniously, wilfully, on purpose and of his malice aforethought to kill and murder."

Defendant and Chris Iahn had been running a saloon at the town of Frankclay several years at the time of the alleged offense on December 19, 1912. Maston Whaley lived diagonally across the street from the saloon and conducted a "beer house" on the opposite side of the street almost opposite the saloon. Charles and Bert Whaley are his sons. On the night of the difficulty, Charles Whaley was in the saloon having a friendly time. The defendant spoke of a fight which had occurred between Luther Lawson and Bert Whaley, and said to Charles Whaley, "If I was as good a man as Lawson I wouldn't be afraid of all the Whaleys put together." Charles resented that statement and the defendant struck at him, knocking his hat off. Charles Whaley went out of the saloon and to his home, Iahn throwing his hat into the street after him. Charles Whaley told his brother Bert about what occurred, and they testified that Bert went for the hat, Charles following. The latter testified that the hat was six or seven feet from the saloon porch; that Iahn came out and said, "To hell with all of you. You all look alike to me, the whole Whaley family;" that Gould came

out and said, ''Get, you s— of b—, I'll kill you all,''
then stepped off the porch and fired a shot at witness
and missed him; that witness then threw a rock at
Gould and ran; that Gould shot him twice in the left
hip.  He testified that he did not have any pistol.
Bert Whaley testified that defendant shot at Charles
Whaley before the latter threw the rock, and that after
defendant was hit by the rock he shot twice more at
Charles.

Defendant and Iahn both testified that they had
pistols when they went out of the saloon.  Iahn did not
know whether Charles Whaley shot at defendant.  The
latter testified that Charles Whaley struck him in the
mouth with a rock and shot at him, grazing the side of
his head, before he shot at Charles.  The doctor testi-
fied that defendant had an injury to his mouth and a
horizontal abrasion on the side of his head a half inch
wide and an inch or an inch and a quarter long. Mas-
ton Whaley testified that defendant fired the first shot
before he was struck by the rock.

Iahn, Tinker and defendant testified that the
mother of Charles Whaley was standing in the street
in front of the saloon with a shot gun in her hand.

After the jury was sworn to try the case, it was
discovered that defendant had not been arraigned.
The court proceeded to arraign him when the follow-
ing occurred:

''Mr. Boyer:  If the court please, I object to any
arraignment of the defendant at this time by the read-
ing of the information to him, or in any other manner,
for the reason that the jury has been sworn to try
this cause and the defendant has been placed in jeop-
ardy, and the defendant should have his liberty by
the court directing this jury to return a verdict of not
guilty.

''The Court:  Let the objection be overruled. Read
the information to the defendant.

"Mr. Boyer: Note our exception to the ruling of the court."

Defendant was then arraigned and the following occurred:

"The Court (addressing defendant and defendant's counsel): Are you guilty or not guilty?

"Mr. Boyer: Your Honor, we decline to plead. We are standing on our constitutional right, to a discharge on the ground of having already been placed in jeopardy on the same charge.

"The Court: The defendant will please stand up. Let the jury be resworn. (The defendant here rises.)

"Mr. Boyer: The court please, we desire to object to the swearing of this jury again, because the defendant has once been placed in jeopardy by the swearing of the jury to try this cause. It is a violation against the right of the defendant, that the defendant cannot be placed twice in jeopardy on the same charge.

"The Court: The court will have to overrule the objection. Swear the jury, Mr. Clerk."

The jury was then sworn the second time and the trial proceeded. At the close of the State's evidence and again at the close of all the evidence, defendant asked an instruction in the nature of a demurrer to the evidence. It was refused.

Instruction 1 given by the court was as follows:

"The court instructs the jury that if you believe and find from the evidence that defendant Thomas Gould, in the county of St. Francois and State of Missouri, at any time within three years next before the filing of the information, feloniously, wilfully and on purpose and of his malice aforethought, did shoot at Charles Whaley with intent to kill said Charles Whaley, the jury will find defendant guilty of assault with intent to kill and assess the punishment at imprison-

ment in the penitentiary for not less than two years and not exceeding ten years.''

The verdict was as follows: ''We the jury find the defendant guilty as he stands. charged in the information and assess his punishment at three years in the State penitentiary.''

I. Appellant contends that the use of the word ''with'' before the words ''a certain deadly weapon'' in the information vitiates the indictment. That objection was made to the same use of the word *with* in State v. Turlington, 102 Mo. l. c. 651. It was held that the grammar and rhetoric were bad, but that the use of such word did not prejudice the substantial rights of the defendant.

*Information: "With" Certain Deadly Weapon.*

II. It is contended that the evidence shows that defendant shot in self-defense; and that the demurrer to the evidence should have been given. We think not. It is conceded that both Iahn and the defendant went out of the saloon with pistols. The defendant held his in his hand. The evidence for the State is that defendant shot at Charles Whaley before defendant was struck with the rock or shot at by any one.

*Evidence: Self-defense.*

III. Appellant contends that the jury having been sworn before the arraignment, his jeopardy had begun and that he was entitled to his discharge, and that the subsequent arraignment and swearing of the jury put the defendant a second time in jeopardy. The contrary was held in State v. Weber, 22 Mo. 321.

*Former Jeopardy.*

IV. When arraigned the defendant refused to plead but stated that he stood on ''his constitutional right to a discharge on the ground of having already been placed in jeopardy on the same charge.'' No entry was made in the

*Refusal to Plead.*

record of a plea of not guilty. After what has been said in State v. O'Kelley, 258 Mo. 345, we hold that a failure to enter a plea of not guilty is not prejudicial error. The statute says that upon a refusal to plead, a plea of not guilty should be entered. In other words, the statute provides that the record shall show what is not true. Conceding that a failure to obey the statute in that respect is error it certainly is not one which prejudiced the substantial rights of the defendant on the merits.

V. Fault is found with instruction 1 because it tells the jury that if they find that the defendant did certain things within three years before the filing of the information, they should find him guilty, without telling them of the date laid in the information, or the date of the filing of the information. The jury heard the information read. It charged that the offense occurred on December 19, 1912. The evidence on both sides shows that the difficulty in controversy was on that date. It was within three years of the filing of the information. The failure of the instruction to state the dates as contended for, in no way affects defendant's rights and does not constitute error.

*Instructions: Exact Date of Crime Not Stated.*

VI. It is said that instruction 1 tells the jury that if they found the facts as therein mentioned they should find defendant guilty of assault with intent to kill, without telling them to specify in the verdict that it was done with malice. If that omission was error, it was in favor of defendant, and he cannot complain. The jury did find him "guilty as he stands charged in the information" and that is sufficient. [State v. Bishop, 231 Mo. 411.]

*Malice: Instructions: Verdict.*

VII. The fact that the judgment and sentence against defendant were entered on May 30, a legal holiday, does not invalidate the sentence and judgment. By section 1785, Revised Statutes 1909, Sundays and other holidays are put on a par so far as the service of writs, process, warrants, orders and judgments is concerned. Such service is void. Section 3880, which prohibits the holding of courts on Sunday, does not, by its terms, include other holidays. In Bear v. Youngman, 19 Mo. App. 41, it was held that a judgment rendered by a justice of the peace on Thanksgiving day is not void under a statute which provides that a justice of the peace may hold court on any day except Sunday. It may be said that that case is not authority here. In Diesing v. Reilly, 77 Mo. App. l. c. 455, it was said: "We are not, however, aware of any rule forbidding the performance of judicial duties on Christmas (twenty-fifth of December), or the other holidays mentioned in section 8952, Revised Statutes 1889. That section merely prohibits the service of *civil* process, except in certain attachment cases, but a judgment rendered on one of the days mentioned in the statute is not void. [Bear v. Youngman, 19 Mo. App. 41.]"

*Holidays: Sentence and Judgment.*

We agree with the latter case that there is no rule against the performance of judicial duties on legal holidays other than Sunday.

The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., on a new hearing in Banc, is adopted as the opinion of the court; *Lamm, C. J.,* and *Woodson, Walker,* and *Brown, JJ.,* concur; *Graves, J.,* concurs in part and in result in a separate opinion in which *Bond, J.,* concurs; *Faris, J.,* dissents.

261Mo45

GRAVES, J.—I concur in the opinion of the learned Commissioner in this case. I place that concurrence on the ground that the omission to formally enter of record a plea of "not guilty" upon his refusal to plead, is a "defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits" (R. S. 1909, sec. 5115). This statute in my judgment covers this case. The Commissioner cites the recent case of State v. O'Kelley, 258 Mo. 345. As I gather it the decision in that case discussed two views as tending to uphold the doctrine that the absence of a plea of "not guilty" would not vitiate the proceeding. First, that the failure to enter such plea of record was a defect of record covered by section 5115, supra, and secondly, that the conduct of the defendant amounted to a waiver of the formal plea, and the entry thereof. We note this, because in the case at bar, it cannot be said that the defendant by his conduct waived anything. It will not do in this case to bottom the decision upon the doctrine of waiver, which was a potential feature in the O'Kelley case. I therefore concur for the reason stated at the outset. *Bond, J.,* concurs in these views.