State v. McFadden.

# THE STATE v. TIM McFADDEN, Appellant.

Division Two, June 5, 1925.

1. **PLEA OF GUILTY: Motion to Set Aside: Untimely Motion for New Trial: Excessive Punishment.** The defendant entered a plea of guilty, and sentence was deferred. Four weeks later the court, without allocution, pronounced judgment and sentenced him to imprisonment for a period of thirty years. The next day he filed motions for a new trial and in arrest, and a motion to set aside the plea of guilty and for permission to enter a plea of not guilty. Two days later the court overruled all the motions. The motion to set aside the plea of guilty was based upon inducements held out to the defendant by the prosecuting attorney and promises made that if he would enter a plea of guilty the punishment assessed would not exceed five years. *Held*, that the matters set forth in the motion to set aside the plea of guilty could not have been incorporated in the motion for a new trial, if one had been filed in time, for the reason that the motion to set aside the plea of guilty could not be filed until after judgment, nor until the defendant was apprised of the failure of the State to live up to its agreement. But without determining whether a proper record pertaining to such matters may be made up, the case is disposed of by a ruling that the punishment is in excess of the maximum penalty prescribed by the only statute applicable to the offense charged in the information.

2. **INFORMATION: Assault upon Affiant: Surplusage: Attempt to Rob: No Deadly Weapon: Excessive Punishment.** An information of the prosecuting attorney, made "upon his oath," charging that defendants did "feloniously, on purpose and of their malice aforethought make an assault in and upon one Helen M. Anderson (and did then and there feloniously, on purpose and of their malice aforethought assault, strike, beat, bruise and wound the said affiant) with the intent then and there her the said Helen M. Anderson feloniously, on purpose and of their malice aforethought, to rob of her money and personal property, by force and violence, and by putting her, the said Helen M. Anderson, in fear of an immediate injury to her person," etc., does not charge the crime denounced by Section 3262, Revised Statutes 1919, because it does not charge that the assault was made "with a deadly weapon or by any other means or force likely to produce death or great bodily harm," but the words in parenthesis may be entirely omitted as surplusage, and with

State v. McFadden.

them omitted it charges the offense denounced by Section 3263, for which the maximum punishment is five years' imprisonment, and therefore the court, upon defendant's plea of guilty, had no authority to assess his punishment at imprisonment for a term of thirty years.

3. ————: Assault with Intent to Rob: No Allegation of Deadly Weapon, Etc. Since Section 3262, Revised Statutes 1919, defining assault with intent to kill, defines the offense as one where a person shall, "on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim, ravish or rob such person," etc., an information which does not allege that the assault with intent to rob was made "with a deadly weapon" or by a force "likely to produce death or great bodily harm" does not charge the offense denounced by that statute, nor can it be held to be based on that statute even though it states that the assault was made "on purpose and of malice aforethought."

4. ————: Assault with Intent to Commit Robbery or Other Felony: Inappropriate Allegations. "The offense denounced by Section 3263, Revised Statutes 1919, which provides that every person who shall be convicted of an assault with intent to kill or do great bodily harm or to commit robbery "or other felony," is complete without the use of a deadly weapon or other means likely to produce death, and an information which sufficiently describes the offense defined in that section is *held* to charge the crime denounced by it, and it is not defective and does not come within the purview of Section 3262 although it charges that the assault was made "on purpose and with malice aforethought."

5. ————: Surplusage: Assault upon Affiant. An indictment or information will not be deemed invalid for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and the person charged; and where the information fully charges an assault upon Helen M. Anderson with the intent to rob her, a clause therein charging that defendants assaulted "the said affiant" will be disregarded or omitted as surplusage.

Corpus Juris-Cyc. References: Homicide, 30 C. J., Section 322, p. 122, n. 56, 57. Indictments and Informations, 31 C. J., Section 300, p. 745, n. 98. Robbery, 34 Cyc. pp. 1812, n. 1; 1813, n. 2, 6.

Appeal from Jackson Circuit Court.—*Hon. James H. Austin*, Judge.

REVERSED AND REMANDED.

*J. Francis O'Sullivan* and *Isadore Rich* for appellant.

(1)   The court erred in overruling the appellant's motion for a new trial, motion to set aside the plea of guilty and the motion in arrest of judgment.   State v. Stephens, 71 Mo. 535; State v. Dale, 282 Mo. 663; State v. Meyer, 222 S. W. 765; State v. Meyer, 293 Mo. 112; Henslee v. Cannefax, 49 Mo. 295; 2 Archibald, 334; 2 Hawkins P. C. 469; 2 Hale P. C. 225; 1 Bishop's Criminal Practice, sec. 465; Davis v. State, 20 Ga. 674.   (2) The information upon which the plea of guilty was accepted is fatally defective, and does not state any facts sufficient to constitute the offense sought to be charged. (a)   It neither charges the assault was with a deadly weapon, nor any facts or description of any weapon which would import its deadly character.   State v. Williams, 191 Mo. 205; State v. Laycock, 141 Mo. 274; State v. Keele, 105 Mo. 38.   (b)   It is defective in that while it charges that one Helen M. Anderson is the person who was intended to be robbed, the assault is alleged to have been made upon her brother, the assistant prosecuting attorney, who swore to the information.

*Robert W. Otto*, Attorney-General, for respondent; *Will R. Frank* of counsel.

(1)   The motion to set aside plea of guilty, motion for new trial and motion in arrest were not filed until after judgment and sentence.   This leaves the record proper only before the court.   State v. Dunnegan, 258 Mo. 376; State v. Taylor, 256 S. W. 1059; State v. Caulder, 256 S. W. 1063.   The record shows no objection made by appellant to the action of the court in pronouncing judgment before his motions for new trial and in arrest

of judgment were filed. His motions after judgment are filed out of time and too late to be considered. State v. Dunnegan, 258 Mo. 375. (2) The information is sufficient and fully informs the appellant of the charge against him. Sec. 3263, R. S. 1919; Kelley's Criminal Law (3 Ed.) sec. 579; State v. Seward, 42 Mo. 206; State v. Spaugh, 199 Mo. 149; Secs. 3262, 3263, R. S. 1919. It makes no difference what the pleader had in mind if the information charged an offense under Section 3263. The words "on purpose or of malice aforethought," may be disregarded as surplusage, and the information, if otherwise sufficient, would charge an offense under the latter section. Kelley's Criminal Law (3 Ed.) sec. 579; State v. Seward, 42 Mo. 206; State v. Spaugh, 199 Mo. 147. Under Section 3263 it is not necessary to charge that the assault was made with a deadly weapon, unless the intent be to kill or do great bodily harm, and it is not necessary to allege or show that the assault was dangerous to life or likely to produce great bodily harm. The gist of the offense is the assault with intent to rob. Any kind of an assault by any means whatever with intent to rob is within this section. (3) The punishment assessed is excessive. Appellant should have been allowed allocution before judgment. Sec. 4057, R. S. 1919; State v. Taylor, 256 S. W. 1059; State v. Caulder, 256 S. W. 1063; Sec. 3263, R. S. 1919. (4) Failure to accord allocution does not entitle appellant to another trial, but it will be necessary in this case to reverse the judgment and remand the cause with directions to have appellant brought before the court for allocution and judgment as provided by Sec. 4057, R. S. 1919. State v. Caulder, 256 S. W. 1063; State v. Taylor, 256 S. W. 1059.

WHITE, J.—We experience difficulty in determining whether there is any record here which enables us to consider this case at all. However, the Attorney-General and the counsel for defendant in their briefs agree in the statement that the record proper is before

us and agree as to what it contains. We will, therefore, consider it as presented by them.

The record shows that an information was filed in the criminal division of the Circuit Court of Jackson County, July 29, 1924, in which the defendant and one John Gurtis were charged with assault upon one Helen M. Anderson with intent to rob. A severance was granted, and he entered a plea of not guilty.

On August 8, 1924, a change of venue was granted, the cause transferred to Division 9 of the Jackson County Circuit Court.

On August 8, 1924, the defendant withdrew his plea of not guilty, and entered a plea of guilty, and sentence was deferred.

On September 5, 1924, the court pronounced judgment and sentenced the defendant McFadden to imprisonment in the penitentiary for thirty years. There was no allocution.

On September 6, 1924, the defendant filed a motion for a new trial and a motion in arrest, and a motion to set aside the plea of guilty, and for permission to enter plea of not guilty.

On September 8, 1924, the court, after taking evidence on the motion for a new trial and the motion to set aside the plea of guilty, overruled all of said motions. The defendant then appealed.

I. A question arises whether a bill of exceptions, properly authenticated, is before us for consideration— whether there is any record of its filing. The motion for a new trial was not filed until more than four days after the plea of guilty. A peculiar question arises in regard to the motion to set aside the plea of guilty, and for permission to enter a plea of not guilty filed after judgment. It could not be mentioned in the motion for new trial, if the latter had been filed in time. The motion assigns as reason for that request that the information was presented by James H. Anderson, assistant prosecuting attorney, whose sister, Helen M. Anderson, is al-

leged to have been assaulted by the defendant. That Anderson induced the defendant to plead guilty by certain "representations, warranties and guaranties" with which Anderson was powerless to comply; that Anderson desired the defendant to appear as a witness against his co-indictee John Gurtis, and to reveal the name of the third negro who participated in the assault; that Gurtis, at the time of the assault, had threatened to do further violence to Helen M. Anderson, and was prevented by McFadden; that Anderson, in the presence of Detective Higgins, told McFadden that if he would reveal the identity of the other negro and testify to the facts about the attempted robbery by Gurtis, and would plead guilty, that he, Anderson, would see that his punishment was assessed at not exceeding five years.

Appellant says in his brief that Anderson testified to these facts, as did Higgins, and also James F. Aylward, attorney for appellant; that no evidence was offered by the State to contradict this evidence of the inducements and promises held out to McFadden to induce him to plead guilty; that nothing was said about these guaranties to the judge of the court, and without knowledge of them he sentenced the defendant to imprisonment for thirty years; that defendant then for the first time realized that Anderson could not live up to his agreement in the matter, and for that reason asked the court to permit him to withdraw his plea of guilty and enter a plea of not guilty. Manifestly, if the motion for new trial had been filed in time, the matters presented in this motion to set aside the plea of guilty could not have been incorporated in it, because it could not be filed until after a judgment, nor until the defendant was apprised of the failure of the State to live up to its agreement. However, we find that we are able to dispose of the case without determining whether a proper record may be made of such proceeding.

II. Appellant attacks the information, which, omitting caption and verification, is as follows:

"Now comes James H. Anderson, Assistant Prosecuting Attorney for the State of Missouri, in and for the body of the County of Jackson, and upon his oath informs the court that Jim McFadden and John Gurtis, whose Christian name in full is unknown to said Prosecuting Attorney, late of the county aforesaid, on the 24th day of July, 1924, at the County of Jackson, State of Missouri, did then and there feloniously on purpose and of their malice aforethought did make an assault in and upon one Helen M. Anderson, (and did then and there feloniously on purpose and of their malice aforethought assault, strike, beat, bruise and wound the said affiant) with the intent then and there her the said Helen M. Anderson feloniously, on purpose and of their malice aforethought to rob her the said Helen M. Anderson of her money and personal property from her person and against her, then and there by force and violence to her person, and by putting her, the said Helen M. Anderson in fear of an immediate injury to her person, against the peace and dignity of the State.

"JAMES ANDERSON,
"Assistant Prosecuting Attorney."

Appellant's theory is that the case is founded on Section 3262, Revised Statutes 1919, defining assault with intent to kill. That section defines the offense as one where a person shall, "on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force *likely to produce death or great bodily harm*, with intent to kill, maim, ravish or rob such person, or in the attempt to commit any burglary or other felony," etc.

The information fails to charge that there was a deadly weapon or any force likely to produce death or great bodily harm, and in that respect it is defective under that section. But it states an offense under Section 3263, which provides that every person who shall be convicted of an assault with intent to kill or do great bodily harm or to commit any robbery, etc., "or other felony," shall be punished, etc. The information sufficiently de-

scribes the offense defined in that section so far as this objection is concerned, because the offense is complete without the weapon or other means likely to produce death, etc.

Under Section 3262, the punishment for conviction is imprisonment in the penitentiary for not less than two years, with no maximum limit. The punishment under Section 3263, is not exceeding five years, with a minimum of imprisonment in the county jail not less than three months, or a fine of not less than one hundred dollars. The court could properly sentence the defendant to thirty years under the former section, while five years was the limit under the latter. The appellant further claims the information is defective because it alleges that the assault was made, not upon Helen M. Anderson, but upon the affiant James H. Anderson. Whether he was present with his sister does not appear. The language which we have placed in parenthesis in the information alleges that the assault was made upon him, and may be omitted entirely from the information as surplusage, and it correctly declares an assault upon, with intent to rob, Helen M. Anderson.

Section 3908, Revised Statutes 1909, provides that no indictment or information shall be deemed invalid "for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and the person charged."

It is plain that the statement of felonious assault upon the affiant may be omitted entirely and the information would clearly state an assault upon Helen M. Anderson for the purpose to rob her. Appellant also argues that the use of the words "on purpose and of malice aforethought" characterizes the information as being framed under Section 3262. That statement would not be inappropriate in an information under Section 3263, for by the terms of that section it includes every person who shall be guilty of assault with intent to rob, etc.; it would be entirely immaterial whether assault was made on purpose and of malice aforethought or not. As the

information, therefore, sufficiently charges an offense under Section 3263, for which the maximum punishment is five years, the trial court erred in fixing the punishment under the information at thirty years.

The judgment is reversed and the cause remanded and the trial court may, as his discretion suggests, enter judgment and sentence against the defendant in accordance with the statute, Section 3263, or he may permit the defendant to withdraw his plea of guilty, enter plea of not guilty, and proceed to trial on the merits. All concur.