STATE v. RALPH NULL, Appellant.—No. 40073.—199 S. W. (2d) 639.

Division Two, February 10, 1947.

*Walter Wehrle* for appellant.

*J. E. Taylor,* Attorney General, and *Arvid Owsley,* Assistant Attorney General, for respondent.

ELLISON, J.—The appellant, a young married man 26 years old, was prosecuted by information ▆▆▆ and convicted by the jury of the crime of felonious assault with intent to do great bodily harm, in the circuit court of St. Louis county. The punishment assessed was

two years imprisonment in the penitentiary, the lowest permissible punishment for a felony under Sec. 4850. There were twenty-one assignments of error in his motion for new trial, but they have been reduced to nine general assignments in his brief on this appeal.

These, still further condensed, assert: that the information was fatally defective and failed to charge him with the commission of any crime; that the court committed prejudicial error in reading the information to the jury; that the court failed to instruct on all the law of the case in violation of Sec. 4070(4); that the assistant prosecuting attorney's cross-examination of witnesses Paubel and Walka was improper; and that the State's evidence was either wholly insufficient, or so greatly against the weight of the evidence that the verdict should have been rejected.

The facts, in outline, were that on the night of February 6, 1943, the appellant and his wife and brother Charles Null had been drinking 3.2 beer and dancing at a tavern operated by the prosecuting witness William Tharp, 51 years old, between about 9:30 and the closing hour, 1 A. M. Appellant testified his wife left a few minutes before he did, and his brother had preceded both, or at least had left their table. Appellant said he went out to his automobile but his brother was not there so he started back toward the door to find him. The prosecuting witness testified that while he was standing in the doorway telling the people good night appellant's brother ["a sailor boy"] grabbed him around the waist and they fell outside and rolled over and over and scuffled on the ground. At a time when he was on the upper side appellant jumped on his back and stomped and kicked him with the heels of his shoes. A Mr. Twitchell and his wife intervened. He and his wife generally corroborated Tharp as to the affray, and identified appellant as the man who was doing the kicking. The appellant denied having any part in any fight his brother was in. In fact he said he didn't see it. He was returning from his automobile and some distance from the door "someone" (he didn't know who) struck him and they fell to the ground and scuffled.

As to the extent of Tharp's injuries, Dr. Frank Huck, a physician of the county, testified he was called to treat him the next morning and found him in bed suffering great pain. A hypodermic was administered, and the following day an X-ray examination at a St. Louis hospital, to which he was transported by ambulance, disclosed that he had suffered a fracture of the right transverse process of the second and third lumbar vertebrae. The region was swollen but the doctor could not recall whether there were any bruises. The patient was taped and remained under treatment for two months at least. The injury was permanent.

■ Turning to appellant's first assignment of error, that the information was fatally defective. Stripped of the introductory part, it charged as follows: that on February 7, 1943, in St. Louis County,

Missouri, the appellant Ralph Null "with force and arms, in and upon one William Tharp feloniously, willfully, on purpose and of his malice aforethought, did make an assault; and the said Ralph Null then and there feloniously, willfully, on purpose and of his malice aforethought, did strike, beat, kick, stomp and wound the said William Tharp in and upon the head and body of him the said William Tharp by the means aforesaid divers wounds, with the intent then and there him the said William Tharp feloniously, willfully, on purpose and of his malice aforethought to do great bodily harm, contrary to the form of. the statute in such case made and provided, and against the peace and dignity of the State."

Appellant maintains the information was drawn under Sec. 4408,[1] and was wholly insufficient because it failed to charge that in the assault he used a deadly weapon or some other means or force likely to produce death or great bodily harm. On this point he cites State v. McFadden, 309 Mo. 112, 274 S. W. 354, 355 (1); and that decision does sustain him—if it be conceded that the information was based on that statute. For it expressly provides that: "Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another *with a deadly weapon, or by any other means or force likely to produce death or great bodily harm,* with intent to kill, maim, ravish or rob such person, or in the attempt to commit any burglary or other felony, . . . shall be punished by imprisonment in the penitentiary not less than two years."

On the other hand, the brief of the learned Assistant Attorney General contends the information was drawn under Sec. 4409, which does not contain the foregoing italicized words, but provides that: "Every person who shall be convicted of an assault with intent to kill, or to do great bodily harm, or to commit any robbery, rape, burglary, manslaughter or other felony, the punishment for which assault is *not hereinbefore* prescribed, shall be punished by imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months . . . " or by imprisonment therein and a fine, or fine alone.

The McFadden case, supra, also sustains this latter contention in a general way because it holds that an information which falls short of stating a case under Sec. 4408—for lack of the necessary allegation as to the use of a deadly weapon or lethal agency—may still be sufficient to support a prosecution under Sec. 4409, as was ruled of the information in that case. And this is obviously true. The very fact that the latter section excludes assaults the punishment for which is not "hereinbefore prescribed," and then authorizes a punishment as low as a jail sentence or fine, shows that it is intended to cover as-

---

[1]Reference to our statutes are to the numbered sections as they appear in R. S. Mo., 1939, and Mo., R. S. A.; and parentheses and italics in quotations are ours—all unless otherwise indicated.

saults of the same general character as Sec. 4408, but less aggravated.

Furthermore, Sec. 4845 permits an accused under indictment for an assault with intent to commit a felony, or for felonious assault, to be convicted of a lesser offense—although not charged in the indictment. But this does not mean he may be so convicted if the charge is fatally defective as to the greater offense. This is implied conversely in the statutes of jeofails, Sec's 3998 and 3952 (last part) the latter providing no indictment or information shall be deemed invalid because the proof shows guilt of the greater offense and the conviction is for the lesser. If Sec. 4845 be invoked the indictment or information must validly charge the greater offense.. If it does not, it must sufficiently charge the lesser offense. Otherwise there would be no foundation for the prosecution. State v. McKinley, 341 Mo. 1186, 1191(6), 111 S. W. (2d) 115, 118(15).

State v. Barrington, 198 Mo. 23, 96(VIII), 95 S. W. 235 (15), 258 (8), may seem to state a contrary doctrine, but it does not. There, the indictment charged the defendant with murder: (1) by shooting; (2) by drowning; (3) by shooting and drowning; (4) by unknown means; (5) in the perpetration of a robbery. The fifth count was dismissed and yet the court's instructions authorized a conviction on that charge. But that was on the theory that the proof came within the remaining counts. There must be a valid information, even though the verdict be for a lesser offense comprehended within the greater one charged. State v. Shelton (Mo., Div. 2), 267 S. W. 938, 939(1); State v. Long (Mo., Div. 2) 253 S. W. 729, 732 (6); State v. Hubbs, 294 Mo. 224, 235(7), 242 S. W. 675, 678 (10); State v. Heath, 221 Mo. 565, 580, 121 S. W. 149, 153(1).

It must be conceded the information here was not good under Sec. 4408, because, as we have said, it failed to allege an assault with a deadly weapon or other lethal agency. Was it good under Sec. 4409? Appellant says it was not because it futilely attempted to state a case under the first named section, and was not designed or intended to charge the offense denounced by Sec. 4409. Thus, he says, it alleges the assault was committed with "malice aforethought," which Sec. 4408 requires but Sec. 4409 does not. And the State's instruction No. 1 in stating the penitentiary punishment that could be inflicted, used the words "not less than two years" which is the exact language appearing in Sec. 4408, whereas Sec. 4409 fixes that punishment at "not exceeding five years"—thereby indicating the trial court had the former section in mind.

This argument is not convincing. Whatever the pleader may have intended, if the information is sufficient under Sec. 4409, it will support the conviction. It makes no difference that the information unnecessarily charged the assault was committed with malice aforethought. Malice is not an essential ingredient of felonious assault under Sec. 4409. The appellant was helped instead of harmed when

that requirement was inserted, making conviction more difficult. See State v. Gould, 261 Mo. 694, 704 (VI), 170 S. W. 868, 870 (6). Even manslaughter, a homicide, does not require malice. Under Sec. 4864 a felony is simply a crime punishable with death or imprisonment in the penitentiary . And the wording of the State's instruction No. 1 as to the penitentiary punishment does not help appellant's contention. True, it did tell the jury that punishment must be "not less than two years," but then it continued "nor more than five years" and added the statutory requirements as to punishment by jail sentence or fine, or both. And it did not include the requirement of malice. The instruction necessarily must have been drawn under Sec. 4409. The information was sufficient.

▪ ■ The next assignment is that the court erred in reading the information to the jury, citing three cases.[2] The argument in appellant's brief further contends it was error for the prosecuting attorney to announce before the jury that the information was being read at appellant's request, and invokes Sec. 23, Art. II, Const. Mo. 1875, which is Sec. 19, Art. I, Const. Mo. 1945, in force at the time of the trial below on January 21, 1946. That constitutional provision forbids that the accused in a criminal case be compelled to testify against himself.

There is no merit whatever in these contentions. The three cases cited by appellant hold it is "better practice" not to read the information to the jury, though not reversible error; but the prosecuting attorney's verification of the information ought not to be read. Now what occurred in this case was that at the beginning of the trial the prosecuting attorney asked appellant's counsel if he "waived the reading of the information," and counsel answered "No, I would rather have that read," but he further said he wanted it read after the jury was sworn. Then the court announced that by agreement of the parties "the information will be read exclusive of the affidavit at the end of it; you don't want the affidavit read?" Appellant's counsel answered "No, that is all right." And that is what was done. When the information was read the prosecuting attorney stated he was doing it "at the request of the defendant," which was true.

■ The next assignment is that the court failed to instruct on all the law of the case under Sec. 4070(4). As developed in the Argument in appellant's brief, the points made are that the State's main instruction No. 1 failed to instruct on: (1) the elements that constitute common assault; (2) the elements that "constitute assault with intent without malice"; (3) the requirement that the jury find the appellant used a "deadly weapon or any force likely to produce death or great bodily harm."

---

[2]State v. Gilmore, 336 Mo. 784, 788(3), 81 S. W. (2d) 431, 432(3); State v. Richards, 334 Mo. 485, 495(7), 67 S. W. (2d) 58, 62(12, 13); State v. Ransom, 340 Mo. 165, 172(2), 100 S. W. (2d) 294, 296(3).

This third contention obviously is founded on the mistaken idea that the information charged malicious assault under Sec. 4408. We have already overruled that contention. The first and second contentions appear to be based on the theory that although the information charged a malicious assault under Sec. 4408, nevertheless it was the duty of the court to instruct on all lesser kinds of assault of which the jury could convict under Sec. 4409, supra, and also under Sec's 4410 and 4411 covering maiming by the procurement of another and common assault—this in view of Sec. 4845, supra. The instruction was as follows:

"If you believe and find from the evidence beyond a reasonable doubt that the defendant, Ralph Null, at the County of St. Louis, and State of Missouri, on or about the 7th day of February, 1943, did feloniously make an assault upon William Tharp, and did then and there kick, stomp and wound the said William Tharp upon the body of the said William Tharp, with the intent on the part of said defendant feloniously to do great bodily harm to the said William Tharp, then you will find the defendant guilty of a felonious assault with intent to do great bodily harm and assess his punishment in the State Penitentiary for a term of not less than two years nor more than five years, or at imprisonment in the county jail for a term of not less than six months nor more than twelve months, or at a fine of not less than $100.00 nor more than $1,000.00 and imprisonment in the County jail for a term of not less than three months nor more than twelve months, or at a fine of not less than $100.00 nor more than $1,000.00.

"If you do not believe the facts to be as aforesaid beyond a reasonable doubt you must not find the defendant guilty of a felonious assault with intent to do great bodily harm."

In this connection it should be stated that the next instruction, No. 2, defined the word "feloniously" as meaning "wrongfully and wickedly and against the admonitions of the law," and also refers to the punishment imposed by law—notwithstanding it has been held the word need not be defined in the instructions, although it must be used in the indictment or information. State v. Helton, 234 Mo. 559, 565-6(3), 137 S. W. 987, 989(4); State v. Hillebrand, 285 Mo. 290, 295(1), 225 S. W. 1006, 1007(1).

We are unable to see wherein or why this instruction was incorrect on the charge of felonious assault without malice under Sec. 4409. And while it is true a conviction by the jury of some less aggravated form of assault would have stood, in view of Sec. 4845, yet it was unnecessary to instruct on those offenses if there was no evidence calling for their submission. State v. Kimbrough, 350 Mo. 609, 617-8, 166 S. W. (2d) 1077, 1082(9). We think there was no such evidence.

As we have stated, appellant testified someone struck him—he didn't know who it was—and they struggled on the ground some distance

from the doorway where his sailor brother was having another fight—if any. He didn't see that. He was corroborated by two friendly witnesses, Paubel and Walka, who said there were two fights some distance apart, but they also were unable to identify appellant's assailant. The appellant's evidence did not identify the prosecuting witness Tharp as being connected with either assault. The State's evidence was that there was only one affray, in which appellant's brother was the original aggressor, and the appellant jumped on Tharp's back with his feet while Tharp and the brother were at grips on the ground with Tharp on top. Appellant's motion for new trial complained of the court's failure to give an instruction on the theory that appellant was acting in defense of his brother, but that contention is abandoned in the brief. Neither is it contended he was acting in self-defense.

█ Error is assigned on improper cross-examination of the appellant's witnesses Paubel and Walka, mentioned in the last paragraph. But not a single objection was made at the trial during the cross-examination of either.

█ And finally it is contended there was no substantial evidence showing the prosecuting witness' injuries were caused by appellant. Counsel's theory on this point is that even on the State's own evidence, Tharp's injured back and vertebrae may as well have been caused by appellant's brother when the latter seized him, threw him to the ground and struggled with him, as by appellant when he jumped on Tharp's back with his heels and kicked him after he was down. In this connection it should be stated there were two steps leading from the doorway of the tavern and that Tharp was "pulled" or "jerked" down those steps before reaching the ground. Tharp testified █ "we fell right out of the door into the yard" where they "rolled over and over, over and over, three or four times."

Appellant invokes such decisions as Guthrie v. St. Charles, 347 Mo. 1175, 1188(3), 152 S. W. (2d) 91, 97(7), holding that where the evidence shows a casualty occurred from one of two or more causes, for only part of which the defendant is liable, a case is not made unless it appears more probable that the casualty resulted from the cause for which the defendant was liable. But we think it evident here that the jury could well conclude appellant's act in jumping upon Tharp's back and kicking him with his heels, was a more probable cause of the fracture than being pulled or jerked downstairs. The evidence does not show Tharp was jerked down the two steps on his back, but rather indicates the two men fell after they reached the ground. A somewhat similar case is State v. Brinkley, 354 Mo. 1051, 1067(3), 193 S. W. (2d) 49, 54(5).

This covers all the assignments made. We find no reversible error and the judgment is affirmed. All concur.