THE STATE v. VIRGIL SHULS, Appellant.—44 S. W. (2d) 94.

Division Two, December 1, 1931.

246

*Stratton Shartel*, Attorney-General, and *C. A. Powell*, Assistant Attorney-General, for respondent.

COOLEY, C.—Defendant was convicted of robbery in the first degree, sentenced to twenty-five years imprisonment in the penitentiary, and has appealed.

The State's evidence tended to prove that at about 7:30 or 7:40 P. M., on Saturday, January 10, 1931, the prosecuting witness Velma Fraser and a girl companion, Elizabeth Flannery, students at Drury College, Springfield, Missouri, were stopped while on their way to their dormitory and robbed by a man whom they did not know. When they first saw the man he was standing near a hedge on the college campus. To avoid meeting him they started running across the campus toward the dormitory. The man followed them and commanded them to stop. He presented a pistol and ordered the young ladies to hand over their pocketbooks, threatening to shoot them unless they obeyed. They did obey. The robber took from both their pocketbooks. In that of Miss Fraser there was a $5 bill and some small change. He also demanded their rings, and when they said they had no rings he compelled them to remove their gloves. Miss Fraser wore a ring which the man compelled her to give him. The young ladies surrendered their valuables, fearing that unless they did so the robber would shoot them as he threatened to do. There were no witnesses to the robbery except the two girls.

The night was rather dark, but there was a street light not far from the place of the robbery. Both girls testified that they could see the robber sufficiently well to distinguish his features and to see how he was dressed. They at once reported the robbery and gave a description of the robber. Defendant was arrested at his home in Springfield about a week later. The police were directed to him by the description given by the girls. When arrested defendant was dressed substantially as the girls had described the dress of the man who robbed them. Both girls saw defendant at the police station, heard him speak and both positively identified him at the trial as the man who had robbed them. They testified that they recognized him at the police station and identified him by his voice, his face and "appearance" and by his clothes. The pocketbooks, empty, were found several blocks from the place of the robbery. The ring

and money were not recovered. None of the stolen property was found upon defendant.

Defendant did not testify. He called seven or eight witnesses, none of whom were impeached, whose testimony tended strongly to prove an alibi for him. Defendant is not represented by counsel in this court. We look to his motion for new trial for the grounds upon which he seeks reversal of the judgment.

I. Defendant assigns error in the overruling of his motion to quash the information. One ground alleged in the motion for new trial is that the affidavit upon which the preliminary examination was based was made by one having no knowledge of the facts such as would make him competent to testify as a witness, wherefore the proceedings based thereon were void and that ''the defendant has not been accorded him proper preliminary hearing.'' Those matters are not before us for review. The motion to quash is not contained in the bill of exceptions, nor does the bill show any exceptions to the court's action in overruling such motion. Neither does it show that any evidence was offered in support of those allegations of the motion if contained therein. Those allegations of the motion would not prove themselves. The motion to quash is not record proper and is not before us for review unless preserved in and made part of the record by the bill of exceptions. Likewise the evidence, if any, offered in support thereof, with the court's rulings and the exceptions thereto, must be so preserved. [See State v. Hembree, 37 S. W. (2d) 448; State v. Cobb, 309 Mo. 89, 273 S. W. 736.]

The bill of exceptions shows that defendant offered evidence in support of his *motion for new trial* tending to show that the affidavit upon which the preliminary hearing was held was made by an assistant prosecuting attorney upon information and belief. That evidence came too late. The court had then ruled upon the motion to quash and the case had been tried. If the court's ruling was correct when made because of the absence of proof of allegations of the motion which required proof, obviously it could not be rendered erroneous by the introduction of such evidence after verdict. For the reasons stated the sufficiency of the affidavit and whether or not the defendant was accorded a legal preliminary hearing is not here for review. The right to complain of failure to accord a defendant in a felony case a preliminary  hearing is waived unless the question is raised and proof offered to show such failure before the defendant pleads to the information. [State v. Ferguson (Mo.), 212 S. W. 339, 341.]

II. Defendant in his motion for new trial challenges the sufficiency of the information to charge an offense, for that it is vague and uncertain and does not reveal upon which section of the statute it is based. Omitting formal parts and signature the information charges that defendant "did then and there wilfully and unlawfully and feloniously make an assault upon one Velma Fraser, with a dangerous and deadly weapon, to-wit: A revolver, and one diamond ring of the value of $75 and one pocketbook value of $5 and $5 in good and lawful money of the United States, the property of the said Velma Fraser, from her person, and against the will of the said Velma Fraser then and there by putting the said Velma Fraser in fear of some immediate injury to her person, feloniously did rob, steal, take and carry away."

In submitting the case to the jury the court, as shown by the instruction defining the punishment, treated the information as charging robbery under Section 4058, Revised Statutes 1929, not under Section 4061, Revised Statutes 1929, Laws 1927, p. 174, making robbery in the first degree by means of a deadly weapon a capital offense. The information sufficiently charges robbery in the first degree under Section 4058, supra. "Robbery in the first degree, if the other elements are present, comprehends an act committed with or without a dangerous and deadly weapon, . . ." [State v. Curtis (Mo. Sup.), 23 S. W. (2d) 122, 124.] If committed by means of a deadly weapon a more severe punishment may be inflicted. The older statute, Section 4058, supra, is still in force and we think the State may waive the higher penalty and charge the offense under that statute even though a deadly weapon was used in committing the robbery. The reference in the information to the use of a deadly weapon may be treated as surplusage and disregarded. [State v. McFadden, 309 Mo. 112, 274 S. W. 354.]

Under Section 4058, supra, robbery may be accomplished by violence to the person of the victim or by putting him in fear of some immediate injury to his person. In this case only the latter means was charged. Both may but need not be charged since the crime may be committed by either means. See State v. Flynn, 258 Mo. 211, 167 S. W. 516. The information substantially follows the language of the statute and is in the form that has heretofore met the approval of this court. [State v. Deviney (Mo. Sup.), 278 S. W. 726; State v. Dickens (Mo. Sup.), 285 S. W. 445.] We hold it sufficient.

III. We are of the opinion that reversible error was committed at the trial in the reference by the assistant prosecuting attorney in his closing argument to the jury to the defendant's failure to testify and the court's ruling upon defendant's objection thereto. The

attorney said: "Who was there at the hold-up, gentlemen of the jury? There were three parties there and these two girls were the only ones that testified, and what did they say?" By defendant's counsel: "We object to that, if the court please, reference by innuendo." The court overruled the objection and defendant saved his exceptions. Later, in his closing argument the same attorney read to the jury an instruction which the court had given at defendant's request, as follows:

"The court instructs the jury that under the laws of this State, if the accused shall not avail himself of his right to testify on the trial in the case it shall not be construed to affect the innocence or the guilt of the accused nor shall the same raise any presumption of guilt nor be referred to by any attorney in the case nor be considered by the court or jury before whom the trial takes place."

Following the reading of this instruction the attorney said: "Now gentlemen of the jury I am estopped by that instruction—" He was interrupted by an objection which was sustained and at defendant's request that counsel be reprimanded the court directed the jury to disregard "those remarks by the attorney; they shouldn't have been made by him and should be disregarded by you." By defendant's counsel: "We want to except that he is not reprimanded."

If the latter occurrence were all that defendant had to complain of we should be inclined to hold that it was not reversible in view of the court's ruling and the fact that defendant himself had called the jury's attention to the fact that he had not testified by requesting the instruction. Since he had requested the instruction he can not charge the court with error in having given it. And having been given, the instruction of course might be read to the jury. True, the instruction itself as well as the statute forbade comment on the fact that defendant had not testified. But the court on that occasion promptly sustained defendant's objection when counsel for the State started to comment, told the jury to disregard the attorney's remarks and in effect reprimanded him. Thus so far as that episode is concerned we think there was no reversible error.

That cannot be said, however, of the first reference to defendant's failure to testify. That it was in effect a pointed reference to the fact that defendant had not testified is too plain for controversy and that it was so intended and necessarily so understood by the jury does not admit of doubt. The evidence showed clearly and without dispute that there were but three persons present or who witnessed the hold-up, the two girls who testified and the defendant who did not. The attorney said that there were three present "and these two girls were the only ones that testified." The reference to defendant's failure to testify could not have been more obvious had he been called by name and the fact baldly stated that he had not taken the witness stand and denied the testimony of the girls.

In State v. Snyder, 182 Mo. 462, 82 S. W. 12, a similar but rather less pointed reference by counsel in argument to the defendant's failure to testify was held reversible error. See also State v. Watson (Mo. Sup.), 1 S. W. (2d) 837, 840; State v. Drummins, 274 Mo. 632, 644, 204 S. W. 271; State v. Weaver, 165 Mo. 1, 13, 65 S. W. 308.

The statute forbidding reference in argument to the fact that the defendant did not testify is mandatory. See cases cited above, this paragraph. The reference here in question violated the statute and the court's instruction as well. It is true the instruction had called the jury's attention to the fact that the defendant had not testified, but it also stated that such fact raised no presumption of guilt and should not be construed to affect the question of defendant's guilt or innocence, in other words, should not be treated as creating an inference unfavorable to defendant. The inevitable effect of the argument we are considering was to suggest that such unfavorable inference should be drawn and the prejudicial effect of the argument was accentuated by the court's action in overruling the defendant's objection. The jury would naturally understand from that ruling that the court considered the argument proper and notwithstanding the instruction would likely draw the inference, unfavorable to the defendant, which the argument obviously suggested. We cannot say that the error was non-prejudicial.

It is suggested in the State's brief that defendant's objection was not sufficiently specific. His attorney did not say in so many words that he objected to the reference to defendant's failure to testify, but he said enough to show that that was what he meant. To have said more would but have emphasized the fact the reference to which he was trying to prevent. We think the objection was sufficient and it was sufficiently preserved in the motion for new trial.

There were objections to other portions of the argument of the assistant prosecuting attorney which we deem unnecessary to discuss in view of our disposition of the case, as the questions may not arise on another trial.

IV.  Complaint is made in the motion for new trial of the court's refusal to give defendant's requested instructions numbered 3, 4 and 5. The specification in the motion is in this form: "Because the court failed to give Instruction No. 3 which is as follows:" The instruction is then copied in the motion without any specification of reasons why it was error to refuse it. Refused instructions 4 and 5 were treated in the same manner. A similar assignment in a motion for new trial was held insufficient to present for review the court's action in re-

fusing instructions in State v. Bailey (Mo. Sup.), 8 S. W. (2d) 57, *q. v.*

Complaint is also made that the court "refused to instruct the jury upon the law relative to credibility of witnesses and the weight to be given their testimony." The bill of exceptions does not show that an instruction on that subject was requested. Such instruction is not a part of the law of the case which the court is required by statute to give whether requested or not. In some circumstances it may be inappropriate to give it at all. The failure of the court to instruct on that subject without being requested to do so was not error.

V. Defendant offered to introduce a page of an almanac to show that the moon did not rise until 10:30 on the night of the robbery, the purpose being to prove that it was dark at the time of the robbery and that the State's witnesses may not have seen distinctly the man who robbed them. The evidence might properly have been admitted. But the State's evidence showed that the sun had set and the moon had not risen, that it was dark and that defendant was observed by the aid of a street light, for which reasons we think the exclusion of the offered evidence was not prejudicial.

Defendant's contention that the evidence was insufficient to make a submissible case and to sustain the verdict is untenable.

For the error noted in paragraph III hereof the judgment is reversed and the cause is remanded to the circuit court. *Westhues* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All of the judges concur.