Robert Gene KEENY, Appellant,

v.

STATE of Missouri, Respondent.

No. 55697.

Supreme Court of Missouri,
Division No. 1.

Jan. 11, 1971.

J. Roger Irvin, Adrian, for appellant.

John C. Danforth, Atty. Gen., Craig A. Van Matre, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

Robert Gene Keeny, convicted of first degree robbery and sentenced to 25 years' imprisonment, appealed to this Court, which affirmed the conviction. State v. Keeny, Mo.Sup., 431 S.W.2d 95. Keeny filed a motion to vacate the sentence and judgment under Criminal Rule 27.26, V.A. M.R. An attorney was appointed for him, the motion was set for hearing, a hearing was had, Keeny was present and he and his attorney were offered an opportunity to present evidence. The only evidence offered was the transcript of the proceedings of the original trial and the records of the circuit clerk. The motion was taken up point by point and argued by counsel for Keeny and for the State. The court made extensive findings of fact and conclusions of law and overruled and denied the motion to vacate, except that the court ordered the judgment and sentence corrected to allow Keeny credit on his sentence for 16 months' time served in the county jail between arrest and conviction. Keeny has appealed and his court-appointed counsel has filed a brief on appeal raising four points.

▪ Three of the points raised on this appeal were raised and decided adversely to Keeny on the original appeal, at which time this Court ruled (1) that the officer had probable cause to believe that Keeny was guilty of committing the robbery and that the arrest and ensuing search and seizure were lawful; (2) that Keeny had a fair and impartial trial and there was no denial of that right by publication of a newspaper article referring to Keeny, and (3) that Keeny's constitutional right to a speedy trial was not infringed. State v. Keeny, supra, 431 S.W.2d l.c. 97–98. "[I]ssues disposed of by the appellate court on review of the original judgment will not be reviewed in a collateral attack by motion pursuant to Rule 27.26." Crawford v. State, Mo.Sup., 436 S.W.2d 632, 633. A motion to vacate filed under Criminal Rule 27.26 "cannot be used as a vehicle for a retrial of a criminal case on its merits." Webb v. State, Mo.Sup., 447 S. W.2d 513, 514.

▪ Keeny raises one point properly here for determination: that the verdict was defective because it found Keeny guilty of robbery in the first degree, whereas he was charged in the information with robbery with a dangerous and deadly weapon and therefore the verdict is not responsive to the charge, is uncertain and indefinite and will not support the judgment, and therefore he was denied due process of law; and that he was further denied due process because the trial court in passing sentence was under the mistaken impression that robbery in the first degree carried a maximum sentence of death, whereas the maximum sentence for that offense is life imprisonment. He cites authorities holding that a verdict defective in omitting an essential ingredient is a nullity. These cases are not apposite because this verdict did not omit an essential ingredient; the presence of a dangerous and deadly weapon is not an essential element of the offense, but if found merely enhances the punishment. State v. Vigus, Mo.Sup., 66 S.W.2d 854.

▪ An accused charged with robbery in the first degree by means of a dangerous and deadly weapon may be convicted of robbery in the first degree. State v. Garrett, Mo.Sup., 435 S.W.2d 662; State

v. Salisbury, Mo.Sup., 43 S.W.2d 1021, 1024. Robbery in the first degree comprehends an act committed with or without a dangerous and deadly weapon. This element goes merely to the penalty, State v. Pope, Mo.Sup., 364 S.W.2d 564, and the reference to this element in the information may be treated as surplusage and disregarded. State v. Shuls, 329 Mo. 245, 44 S.W.2d 94, 96, and cases cited.

■ There was no error in imposing a 25-year sentence because this sentence was within the statutory range of 5 years to life imprisonment for robbery in the first degree. The fact that the sentencing judge considered that Keeny had been convicted of a capital offense does not vitiate the sentence as long as the punishment assessed was within the limitation of 5 years to life for robbery in the first degree. State v. Garrett, supra, 435 S.W.2d l.c. 666 [10].

Judgment affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.