STATE of Missouri, Respondent,

v.

Michael Richard HOWARD, Appellant.

No. 59353.

Supreme Court of Missouri,
En Banc.

Sept. 13, 1976.

John C. Danforth, Atty. Gen., Scott A. Raisher, and Charles L. Howard, Asst. Attys. Gen., Jefferson City, for respondent.

James C. Jones, St. Louis, for appellant.

DONNELLY, Judge.

Appellant, Michael Richard Howard, was convicted of rape under § 559.260, RSMo 1969, and of robbery in the first degree under § 560.120, RSMo 1969, in the Circuit Court of the City of St. Louis, and his punishment was assessed at ten years and five years, with the sentences to run consecutively. Following rendition of judgment and imposition of sentences, an appeal was perfected to the St. Louis District of the Court of Appeals. In that Court the conviction was affirmed but the cause was certified to this Court by a dissenting judge under Mo.Const. Art. V, § 10. We determine the cause the same as on original appeal. Mo.Const. Art. V, § 10.

Appellant asserts the trial judge erred when, in the presence of the jury, he commented on appellant's "failure to testify."

At the close of all the evidence, as the trial judge proceeded to read his instructions to the jury, the following transpired:

"MEMBERS OF THE JURY:

"The State of Missouri, by the Substitute Information in Lieu of Indictment, charges the defendant, Michael Richard Howard—

"THE DEFENDANT: My name is Michael Richmond Howard.

"THE COURT: I understand that. You indicated your name is Richmond.

"THE DEFENDANT: No, he said that.

"THE COURT: The papers indicate that the name is Michael Richard Howard.

"THE DEFENDANT: I'm going to be wrong—

"THE COURT: *Now you were given the opportunity to take the stand.* You're going to keep quiet through these proceedings or you're going to have to leave the courtroom." (Emphasis ours.)

Appellant concedes that his assertion of error was not raised at trial and was not preserved in his motion for a new trial, but urges that he is entitled to relief by virtue of the provisions of Rule 27.20(c), which reads as follows:

"Plain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of injustice has resulted therefrom."

In *State v. Meiers*, 412 S.W.2d 478, 480, 481 (Mo.1967), Division No. 1 of this Court said:

" * * * Since its adoption we have invoked Rule 27.20(c) on a case to case basis to prevent 'manifest injustice or miscarriage of justice,' and we shall continue to do so where substantial rights are affected whether or not the error is ' * * * raised in the trial court or preserved for review, or defectively raised or preserved * * *.' But there must be a sound, substantial manifestation (not perceivable here), a strong, clear showing, that injustice or miscarriage of justice will result if the rule is not invoked. We

shall not invoke the rule in every case where it is claimed for the first time on appeal that this or similar state or federal constitutional rights have been violated, or for that matter, in every case where it may appear for the first time on appeal that such rights in fact have been violated."

In *State v. Ellifrits*, 459 S.W.2d 293, 297 (1970), this Court en Banc said:

"Precedents are of little value in determining when relief should be granted under the plain error rule. And that is particularly true where, as here, no constitutional question is involved. * * * The rule to be followed is summarized in *State v. Patterson*, Mo.Sup., 443 S.W.2d 104, to the effect that we will review all the facts and circumstances in each case and determine on a case-to-case basis whether manifest injustice has resulted from the alleged error."

It has been suggested that relief should always be given under Rule 27.20(c) when a "constitutional" error is involved. We do not agree. Even a federal constitutional error may be considered harmless. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We will continue to "review all the facts and circumstances in each case and determine on a case-to-case basis whether manifest injustice has resulted from the alleged error."

We have reviewed the whole record in this case and believe, under the facts and circumstances therein disclosed, that the trial judge's comment, in the presence of the jury, resulted in manifest injustice.

We agree with counsel for appellant that the comment constituted a direct and certain reference to the failure of appellant to testify, and violated Art. I, § 19 of the Missouri Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. *State v. Shuls*, 329 Mo. 245, 44 S.W.2d 94 (1931); *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

In addition, and more importantly in ruling the "plain error" question in this case,

we believe the comment could have effectually shifted the burden of proof from the State to the appellant.

■ In *State v. Malone*, 327 Mo. 1217, 39 S.W.2d 786 (1931), this Court exhaustively reviewed the subject of burden of proof in a criminal case. The burden of proof is on the State throughout the trial to establish by evidence the guilt of the accused beyond a reasonable doubt.

We are of the opinion that the comment made by the trial judge, *while in the process of instructing the jury*, was prejudicially erroneous. Here, the jury could reasonably have understood the judge's remark to mean that appellant was guilty because he declined "the opportunity to take the stand." In these circumstances, it is reasonable to believe that the presumption of innocence of the accused was violated, that the jury could have understood that the burden of proving his innocence was on the accused, and that the accused was deprived of a fair and impartial trial. The historical significance of approving such a probable deprivation of rights compels us to hold that manifest injustice resulted here. (Cf. *State v. Embry*, 530 S.W.2d 401 (Mo.App. 1975).)

The judgment is reversed and the cause remanded.

SEILER, C. J., and MORGAN and HENLEY, JJ., concur.

HOLMAN, J., dissents.

FINCH, J., dissents in separate dissenting opinion filed.

BARDGETT, J., dissents and concurs in separate dissenting opinion of FINCH, J.

FINCH, Judge (dissenting).

I must respectfully dissent.

After the evidence was concluded, the trial court was going to instruct the jury. Introductory thereto the court started to tell the jury just what defendant was charged with having done. It got only as far as giving defendant's name when the defendant interrupted, saying that his mid-dle name was Richmond instead of Richard. The court then observed that the papers in the case gave his name as Michael Richard Howard and defendant interrupted again. The court then said *to the defendant*: "Now you were given the opportunity to take the stand. You're going to keep quiet through these proceedings or you're going ·to leave the courtroom." The court then told the jury what defendant was charged with in Counts I and II after which it read the instructions to the jury.

This was not an instance wherein the court said to the jury, either expressly or by inference, that in determining guilt or innocence of defendant it could or should take into account his failure to take the witness stand and testify. The court was not saying that defendant had not given his version of the alleged robbery and rape and that his silence could or should be used against him. The court was not addressing the subject of guilt or innocence. Instead, the incident involved a dispute over defendant's middle name. Defendant insisted on arguing the question and the court, in order to silence him and permit the instructions to be read, made the foregoing remark. It did not say to defendant or to the jury that defendant has remained mute and that can be used against him. It said only "Don't interrupt. Be quiet. You could have explained earlier about your name but it is too late."

I am unable to find in the foregoing any violation of the fifth or fourteenth amendments to the United States Constitution or Art. I, § 19, of the Missouri Constitution. I perceive no violation of § 546.270, RSMo 1969 or Rule 26.08(a), V.A.M.R.

The principal opinion cites and relies on *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) and *State v. Shuls*, 329 Mo. 245, 44 S.W.2d 94 (1931). In my view neither case is at all comparable. In *Griffin* the trial court had instructed the jury specifically as to inferences which the jury could draw from defendant's failure to testify. For example, the instruction included the following:

"As to any evidence or facts against him which the defendant can reasonably be expected to deny or explain because of facts within his knowledge, if he does not testify or if, though he does testify, he fails to deny or explain such evidence, the jury may take that failure into consideration as tending to indicate the truth of such evidence * * *."

In *Shuls* the assistant prosecuting attorney in closing argument to the jury said: "Who was there at the hold-up, gentlemen of the jury? There were three parties there and these two girls were the only ones that testified * * *." An objection by defendant's counsel was overruled. On appeal this court held that this closing argument on whether to convict or acquit defendant constituted a clear reference to defendant's failure to testify.

I have no quarrel with the decisions in *Griffin* and *Shuls*. I simply find them to be inapplicable to what happened here. A case more nearly in point is *United States v. Warner*, 428 F.2d 730 (8th Cir. 1970), wherein defendant was defending himself. At one point he was arguing with a witness and the attorney for the government objected. The trial judge then said: "I think you should ask questions. If you want to testify later on you may." The court, after discussing numerous cases including *Griffin*, declined to reverse on the basis of the foregoing incident. In so ruling it pointed out that the comments of the judge were for the purpose of controlling courtroom procedure. That was true in this case.

In concluding to reverse herein under the "plain error" doctrine, the alleged error not having been preserved by objection at the time or by assignment in the motion for new trial, the principal opinion concludes that "the comment could have effectually shifted the burden of proof from the State to the appellant." Again, I must respectfully disagree. The court at that time was not talking about the evidence in the case or whether defendant might be found guilty or not guilty. It was not addressing the burden of proof or even speaking to the

jury. It was trying only to stop the interruption by defendant in order that the trial could proceed. What the court said concerned only a dispute as to defendant's middle name and made no reference to burden of proof as to guilt and had nothing to do therewith. I am unable to see how it "could have effectually shifted the burden of proof from the State to the appellant".

This conclusion is buttressed by the fact that the trial court immediately proceeded to read the instructions to the jury. Instruction No. 1 read as follows:

"You are further instructed that the Substitute Information in Lieu of Indictment contains the formal statement of the charge, but is not to be taken as any evidence of defendant's guilt.

"The law presumes the defendant to be innocent and this presumption continues until it has been overcome by evidence which establishes defendant's guilt beyond a reasonable doubt; and the burden of proving defendant's guilt rests with the State.

"If, however, this presumption has been overcome by the evidence and the guilt of the defendant established beyond a reasonable doubt, your duty is to convict.

"If, upon consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you should acquit, but a doubt to authorize an acquittal on that ground ought to be a substantial touching the defendant's guilt and not a mere possibility of defendant's innocence.

"You are further instructed that you are the sole judges of the credibility of the witnesses and of the weight to be given to their testimony. In determining such credibility and weight you may take into consideration the demeanor of the witness, his or her manner on the stand, his or her interest, if any, in the result of the trial, his or her relation to or feeling towards the defendant or any witness who has testified before you in this case, the probability or improbability of his or her statements, as well as all the

facts and circumstances given in evidence."

It specifically told the jury that the burden of proving defendant guilty beyond a reasonable doubt was on the State. Under such circumstances I find no basis for concluding that the jury was told that the burden of proof was on the defendant.

I would hold that the incident in question does not entitle defendant to a reversal under Rule 27.20(c), the "plain error" rule.

I have not considered other assignments asserted by defendant since they are not dealt with in the principal opinion.