**STATE of Missouri, Plaintiff-Respondent,**

v.

**Bob ALLEN, Defendant-Appellant.**

**No. 10402.**

Missouri Court of Appeals,
Springfield District.

Aug. 8, 1977.

---

1. See Washington University Law Quarterly, December, 1964: "Missouri Appellate Jurisdiction," § 2.043, pp. 506–510.

John D. Ashcroft, Atty. Gen., W. Mitchell Elliott, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

C. R. Rhoades, Pineville, for defendant-appellant.

Before HOGAN, P. J., and NORTHERN and MOORE, Special Judges.

EUGENE E. NORTHERN, Special Judge.

A Newton County jury found defendant Bob Allen guilty of burglary in the second degree and stealing, but the jury was unable to agree upon defendant's punishment. After a timely motion for new trial was filed and overruled, the trial judge ordered the defendant confined in the State Department of Corrections for a term of four years on the charge of burglary in the second degree and a term of four years upon the charge of burglarious stealing and ordered that the sentences were to run consecutively.

The defendant contends on this appeal:

(1) The trial court erred in overruling defendant's motion for acquittal at the close of the evidence in that the evidence adduced at trial and on the record was insufficient to support a verdict of guilty of burglary in the second degree; and

(2) The trial court erred because it did not, on its own motion, grant a new trial on the ground that the defendant was denied the effective assistance of counsel, in that the trial defense counsel's representation resulted in the defendant's trial being a mockery of justice.

In considering the sufficiency of the state's case after a verdict of guilty, the court accepts as true all of the evidence in the record tending to show defendant's guilt, whether the same be circumstantial or direct in nature, together with all favorable inferences reasonably to be drawn therefrom. Defendant's contradictory evidence, if any, is to be disregarded. If a submissible case is made, the truth of the testimony and the reasonableness of the inferences to be drawn are exclusively for the jury. *State v. Sallee*, 436 S.W.2d 246 (Mo.1969); *State v. Brewer*, 325 S.W.2d 16–20 (Mo.1959).

Defendant relies upon *State v. Farmer*, 490 S.W.2d 72 (Mo.1973) in support

of his contention that the evidence was insufficient. Defendant's contention is without merit.

The evidence in this case shows something more than the mere presence with those having joint possession of the stolen property. The evidence shows that the Matters home was broken into sometime between 12:45 p. m. and 3:45 p. m.; that at approximately 1:00 o'clock p. m. or shortly thereafter, defendant left the house occupied by Fannie Verstrait and one Penrod, with Penrod, and in defendant's station wagon; that about 4:00 or 5:00 o'clock p. m. the same day, defendant and Penrod, accompanied by one Larry Thurston, returned to the house occupied by Verstrait; that items of property taken from the Matters home were taken from defendant's car and carried into the house (whether defendant carried any of the property from his car into the house is not reflected by the evidence); that defendant and the other two examined the property and all talked about it, Larry Thurston saying that the items were "hot"; that after about an hour, the defendant, Penrod and Thurston took the property and left in defendant's car; that the next day, defendant returned to the Verstrait house with what appeared to be some of the coins which were among the items brought in and examined the day before. Defendant and Penrod then left with the coin book in defendant's car, returning later in the day with Thurston. There was "talk" about the coins being sold and defendant, Penrod and Thurston each receiving $40.00; that among the pieces of jewelry contained in a jewelry box, identified as belonging to Matters, was a turquoise ring which was taken from the box by Witness Brenda Wishon, who asked defendant if she could have the ring, and defendant told her she could.

The possession of recently stolen property which will support an inference of guilt may be a joint possession of the accused and others, and such possession need not be separated from all possession by others. *State v. Cobb*, 444 S.W.2d 408 (Mo. banc 1969); *State v. Webb*, 432 S.W.2d 218 (Mo.1968); *State v. Webb*, 382 S.W.2d 601 (Mo.1964); *State v. Jordan*, 235 S.W.2d 379 (Mo.1951); *State v. Prunty*, 276 Mo. 359, 208 S.W. 91 (Mo.1918).

Defendant's contention that he was denied effective assistance of counsel is without merit. The matters complained of by defendant are found in the record. We cannot say from the reading of the record that defendant's attorney's failure to make certain objections amounts to a farce or a mockery of justice or is so woefully inadequate as to shock the conscience. *Hall v. State*, 496 S.W.2d 300 (Mo.App.1973).

Judgment is affirmed.

HOGAN, P. J., and MOORE, Special Judge, concur.