**Bob ALLEN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 10950.**

Missouri Court of Appeals, Southern District, Division Two.

May 29, 1979.

C. R. Rhoades, Pineville, for movant-appellant.

John D. Ashcroft, Atty. Gen., Marjorie Wholey Haines, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Bob Allen, serving sentences for burglary and stealing, filed this Rule 27.26, V.A.M.R., motion seeking to vacate his sentences. Without appointment of counsel or an evidentiary hearing, the trial court, relying upon the files and records in movant's criminal case and our opinion[1] affirming the judgment, entered an order denying the motion. We affirm.

1. *State v. Allen*, 555 S.W.2d 36 (Mo.App.1977).

Movant's complaints in this appeal are threefold. He avers he was entitled to an evidentiary hearing on his motion; the trial court was required to make findings of fact and conclusions of law conclusively showing he was not entitled to relief; and, the sentencing judge failed to exercise his discretion as to whether the sentences were to be concurrent or consecutive.

Movant's contention regarding his sentencing is not for review. His motion to vacate did not present this matter. His motion claimed his sentences were disproportionate to the offenses and exceeded the sentences meted out to co-defendants Penrod and Thurston. Further, that the court was required to order a presentence investigation and consider the same before sentencing him. His present complaint, made for the first time on appeal, presents nothing for appellate review. *Day v. State*, 516 S.W.2d 53 (Mo.App.1974). Furthermore, movant's original allegations as to his sentencing raise no issue of fact or law in a postconviction motion. *Perryman v. State*, 506 S.W.2d 480 (Mo.App.1974). Sentences within the statutory limits are not considered disproportionate. *State v. Mitchell*, 563 S.W.2d 18 (Mo. banc 1978). And, it was entirely discretionary with the trial judge to forgo a presentence investigation. Rule 27.07(b), V.A.M.R., *State v. Goforth*, 535 S.W.2d 464 (Mo.App.1976).

Movant's contention than an evidentiary hearing was required on his ground of ineffective assistance of counsel is without merit. In his motion several factors in support of this ground were alleged but the only allegation carried forward in his brief herein is the failure of his trial attorney to have the two co-defendants at the trial and offer their purported testimony that movant's participation in the crimes was as an "unknowing participant." This postconviction proceeding was prior to our supreme court's decision in *Fields v. State*[2], 572 S.W.2d 477 (Mo. banc 1978). Consequently, we need only to determine whether the facts alleged in support of this ground, if true, would entitle movant to relief from his sentences. *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975).

Movant, in his direct appeal, first raised the issue of ineffective counsel. The point was ruled as having no merit. Here, movant did not allege that the testimony of his companions would have provided a defense. *Jackson v. State*, 465 S.W.2d 642 (Mo.1971); *Sherrill v. State*, 515 S.W.2d 611 (Mo.App. 1974). His conclusory allegation that his co-defendants would have testified he was an "unknowing participant" after the commission of the burglary and theft do not suffice for facts. We observe such testimony, if given, would have been cumulative to the trial testimony of the movant—which the jury rejected. The decision to call witnesses at trial is a matter of trial tactics and strategy. *Cheek v. State*, 459 S.W.2d 278 (Mo.1970); *Williams v. State*, 566 S.W.2d 241 (Mo.App.1978). Having failed to allege facts, as opposed to conclusions, which if true would entitle him to relief, movant was not entitled to an evidentiary hearing on the ground of ineffective assistance of counsel. An evidentiary hearing not being required, the court was not, under Rule 27.26 as it then existed, required to make findings of fact and conclusions of law. *Baker v. State*, 584 S.W.2d 65 (Mo. banc 1979).

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.

---

2. *Fields* requires appointment of counsel, provides for the "opportunity and obligation" to amend the motion, and requires the trial court to make findings of fact and conclusions of law on all issues presented whether or not an evidentiary hearing is held.