**STATE of Missouri, Plaintiff-Respondent,**

v.

**Burt A. RODGERS, Defendant-Appellant.**

No. 47369.

Missouri Court of Appeals, Eastern District, Division One.

June 5, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1984.

Application to Transfer Denied Sept. 11, 1984.

Sarah S. Pleban, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Dan Crawford, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Burt A. Rodgers was found guilty by a jury of rape, § 566.030 RSMo. 1978, and two counts of false imprisonment, § 565.-130 RSMo. 1978. The trial court sentenced him as a dangerous offender under § 558.-016 RSMo. 1978 to imprisonment for thirty years for the rape conviction and one year for each false imprisonment conviction, the sentences to run consecutive to each other and to other sentences he was serving. Rodgers appeals. The judgment is affirmed.

Appellant alleges the trial court erred: (1) in allowing respondent to call an unendorsed alibi rebuttal witness; (2) in refusing appellant's request for a continuance to secure the attendance of a surrebuttal alibi witness; (3) in failing to declare a mistrial sua sponte during the state's closing argument after sustaining objections that the prosecutor's alleged references to appellant's failure to testify; and (4) in declaring appellant to be a dangerous offender.

This appeal arises after the case was partially reversed and remanded by the Missouri Supreme Court. *State v. Rodgers*, 641 S.W.2d 83 (Mo.banc 1982). The reader is directed to 641 S.W.2d at 84 for a full statement of the facts.

Only a brief statement of the facts is necessary for the purposes of this opinion. The appellant and an accomplice broke open the front door of a residence in St. Louis County sometime after midnight on June 13, 1980. The residence was occupied by an elderly man and his sister.

The burglars proceeded to ransack the house and steal valuable items which they placed in a pillow case. One of them raped the seventy-two year old sister and in the process broke her wrist. The miscreants then tied up the two victims and carried off the loot in the victims' automobile.

Appellant's defense was alibi. His mother testified that appellant was at her house all night on a night which might have been the night the offenses were committed. Appellant did not testify.

■ Appellant first contends that the trial court erred in allowing respondent to call an unendorsed alibi rebuttal witness. Appellant's defense to the charges was that he spent the night of the burglary at the home of his mother, who testified that she believed appellant spent the entire night in question at her home because appellant was inside the house when she locked all the security bars around the house.

Respondent then called to the stand Mamie Bell, the mother of appellant's accomplice, as a rebuttal witness. Mamie Bell was not endorsed as a witness until the morning of the last day of the trial.

This court need not decide whether the trial court erred in allowing respondent to call Mamie Bell as a rebuttal witness. Even assuming *arguendo* that there was error, it was not prejudicial.

Mamie Bell testified that sometime during the month when the burglary occurred she saw appellant and others dividing up the loot. She could not, however, remember the exact date when she saw appellant. Thus, Mamie Bell's testimony did not directly contradict the testimony of appellant's mother. Indeed, Mamie Bell's testimony was consistent with appellant's claim that he had innocently obtained the property from the burglary sometime after the night in question. There was no fundamental unfairness or prejudice to appellant in permitting the state to call Mamie Bell as a witness. Appellant's first point is denied.

Next, appellant alleges error in the denial of his motion for a continuance to secure the testimony of a surrebuttal witness. After appellant became aware of the state's intention to call Mamie Bell as a rebuttal witness, he sought a continuance to secure the attendance of a surrebuttal witness.

■ Whether to grant a continuance is a matter resting within the sound discretion of the trial court. *Phillips v. State*, 639 S.W.2d 270, 275[8, 9] (Mo.App.1982). An abuse of that discretion is not shown unless the appellant demonstrates the materiality of the evidence sought to be obtained and the particular facts which the witness will prove. *State v. Luallen*, 654 S.W.2d 226, 228[3–6] (Mo.App.1983).

■ No abuse of discretion has been shown here. Appellant made no offer of proof of the surrebuttal witness's evidence. See *State v. Luallen, supra*. The second point relied on is denied.

■ Appellant next argues that plain error occurred when the trial court failed to declare a mistrial *sua sponte* because of remarks made by the prosecuting attorney during closing argument. The appellant objected to the remarks because they referred to appellant's failure to testify. The objections were sustained.

Appellant did not request a mistrial. "When a trial court grants all the relief sought, defense counsel's satisfaction with the corrective measures taken is assumed, and nothing is preserved for subsequent review." *State v. Gordon*, 649 S.W.2d 903, 907 (Mo.App.1983). In addition, appellant failed to include this allegation of error in his motion for a new trial as required by Rule 29.11(d). Nevertheless, this court reviews appellant's contention for plain error under Rule 30.20.

Plain error did not occur here. The remarks of the prosecuting attorney, although objectionable because they may be construed as referring to appellant's failure to testify, are only indirect references to appellant's exercise of his right not to testify.

*State v. Shuls*, 329 Mo. 245, 44 S.W.2d 94 (Mo.1931), cited by appellant, is distinguishable. There the prosecutor made an indirect reference to the failure of the accused to testify, an objection was made and the trial court overruled the objection. The Supreme Court held it was reversible error not to sustain the objection. 44 S.W.2d at 96.

The Supreme Court in *Shuls* was not faced with the question of whether it was plain error not to declare a mistrial *sua sponte* when the prosecuting attorney

**184**

made his reference to the accused's failure to testify.

That sustaining an objection and instructing the jury to disregard the objectionable statement is sufficient to cure any error in the present case is supported by dicta in *State v. Shuls*, where the court stated that another indirect reference in the prosecuting attorney's argument to the accused's failure to testify was cured by the trial court's actions in sustaining the defendant's objections. 44 S.W.2d at 96. Point three is denied.

For his final point, appellant maintains the trial court erred in finding appellant to be a dangerous offender because the trial court did not receive evidence on the question, but instead took judicial notice that appellant had been found to be a dangerous offender in the prior case before a different division of the circuit court. This court finds no error.

In *State v. Rodgers, supra*, the court noted that appellant had been found to be a dangerous offender and that accordingly, the trial court had enhanced the punishment meted out by the jury. 641 S.W.2d at 84. Appellant claimed no error with regard to the dangerous offender finding. Although appellant's convictions for rape and false imprisonment were reversed, the court upheld the convictions for burglary and first degree robbery. The Supreme Court implicitly affirmed the dangerous offender finding by affirming the prior punishments for burglary and first degree robbery which had been enhanced by the trial court.

■ A judgment on the merits in a criminal case precludes the parties not only as to matters actually litigated and determined, but also as to matters which might have been litigated. *State v. Bliss*, 99 S.W.2d 71, 72[1–3] (Mo.1936). Whether appellant is a dangerous offender is an issue that could have been contested in the first appeal. Appellant is precluded from raising it now.

The judgment is affirmed.

KELLY, P.J., and STEWART, J., concur.