**STATE of Missouri, Respondent,**

v.

**Timothy R. LAWS, Appellant.**

**No. 18384.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 7, 1993.

Gary E. Brotherton, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

A jury found Timothy R. Laws (Defendant) guilty of the class C felony of forgery, in violation of § 570.090.1(1), RSMo 1986. He was sentenced as a prior offender to five years' imprisonment. This appeal followed.

Defendant claims the trial court plainly erred (1) in failing to exclude his in-court identification; (2) in failing to declare a mistrial, *sua sponte*, after the prosecutor argued in closing that no evidence contradicted the testimony of two state witnesses; and (3) by submitting Instruction No. 4, patterned after MAI–CR 3d 302.04, defining "reasonable doubt." Finding no merit to these points, we affirm.

The facts favorable to the verdict show the following: On March 22, 1992, Jeff Mobley was working the "graveyard" shift at a convenience store in Carthage, Missouri. During his shift, Defendant entered the store, identified himself as Jack Thorn, and cashed a payroll check for $150 drawn on the account of Oasis Cartage and Truck Service. Defendant purchased cigarettes when the check was cashed. During this transaction, Mobley viewed Defendant from a distance of two feet for about three minutes in a well-lighted area of the store.

About one month later Mobley told the police he was not sure he could identify the perpetrator. Mobley next saw Defendant at the preliminary hearing and identified him as the person passing the check.

At trial, Mobley admitted Defendant was the only person in an orange "jail suit" at the preliminary hearing and that "could have" influenced his identification. However, Mobley added that his in-court identification was not based on Defendant's appearance at the preliminary hearing. Mobley testified he was "absolutely sure" Defendant was the person who passed the check.

John Morgan, former owner of Oasis Cartage and Truck Service, identified the check as a company check. The account had been closed for about six months. Only Morgan and his mother were authorized to sign company checks, and neither of them signed the check in question nor gave Defendant permission to do so. Morgan related that Defendant worked for him when nine of his company checks were stolen and later Defendant admitted to Morgan that he stole the checks.

All of Defendant's three points relied on request plain error relief. Under Rule 30.20, this Court has the discretion to review for plain errors affecting substantial rights. Such relief is warranted only when the alleged error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Hadley*, 815 S.W.2d 422, 423 (Mo. banc 1991). Defendant bears the burden of establishing manifest injustice. *State v. Cline*, 808 S.W.2d 822, 824 (Mo. banc 1991). The determination of whether plain error exists must be based on a consideration of the facts and circumstances of each case. *Id.*

With these principles in mind, we turn to each of Defendant's contentions. The first point avers the trial court should have suppressed Jeff Mobley's in-court identification of Defendant since it was tainted by Mobley's prior identification of Defendant in an orange jail suit at the preliminary hearing. Defendant did not move to suppress Mobley's identification nor did he object to the evidence at trial.

An eyewitness identification at trial following a pretrial identification will violate a defendant's right to due process only if the pretrial identification is so impermissibly suggestive as to give rise to a

very substantial likelihood of irreparable misidentification. *State v. Cooper,* 691 S.W.2d 353, 355 (Mo.App.1985), *citing Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). "Reliability, not suggestiveness 'is the linchpin in determining the admissibility of identification testimony.'" *State v. Higgins,* 592 S.W.2d 151, 160 (Mo. banc 1979), *citing Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Reliability of the in-court identification is to be determined under the totality of the circumstances with consideration of the following factors: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Higgins* at 160.

■ Even if an out-of-court identification procedure is suggestive, it does not invalidate a reliable in-court identification based on a memory independent of the pretrial identification. *State v. Littleton,* 649 S.W.2d 225, 227 (Mo. banc 1983). Said differently, where a positive courtroom identification is made upon a factual basis independent from a suggestive pretrial procedure, the identification testimony is admissible. *State v. Phillips,* 596 S.W.2d 752, 755 (Mo.App.1980).

■ Here, Mobley had ample opportunity to view the Defendant when business was "pretty slow" during the graveyard shift. The check cashing transaction covered almost three minutes in a well-lighted store with Mobley and Defendant standing two feet apart. The record does not show whether Mobley gave any prior description of the culprit, but he unequivocally identified Defendant at trial some four months later. Mobley testified emphatically his in-court identification was not because Defendant was the person wearing jail clothes at the preliminary hearing. These facts clearly demonstrate Mobley's in-court identification was based on his memory independent of any suggestive pretrial procedure. As a

matter of plain error, Defendant's first point fails.

Defendant's second point complains the trial court plainly erred when it failed to declare a mistrial during the prosecutor's closing argument. Defendant says the prosecutor's argument that "there has been no evidence put before you to contradict a single word that either of these two witnesses testified to" was an improper comment on Defendant's failure to testify and improperly shifted the burden of proof.

■ Defendant made no objection during the closing argument nor in his motion for new trial regarding the prosecutor's remarks. Relief should be rarely granted on assertion of plain error to matters contained in closing argument, for trial strategy looms as an important consideration and such assertions are generally denied without explication. *State v. Wood,* 719 S.W.2d 756, 759 (Mo. banc 1986). Appellate courts may contemplate that defense counsel "considered the remarks inconsequential not warranting objection or as trial strategy they set the stage for built in error." *Id.* at 760.

■ A prosecutor is prohibited from commenting on an accused's failure to testify. *State v. Jackson,* 750 S.W.2d 644, 648 (Mo.App.1988). Such a comment is in violation of Defendant's right against self-incrimination. *State v. Lindsey,* 578 S.W.2d 903, 904 (Mo. banc 1979); Mo. Const. art. I, § 19. *See* § 546.270, RSMo 1986. Furthermore, "[b]oth direct and indirect references to defendants' [sic] failure to testify are forbidden." *State v. Chunn,* 657 S.W.2d 292, 294 (Mo.App.1983).

To determine if a forbidden direct reference occurs, "only a comment by the prosecutor which is a direct and certain reference to the failure of the accused to testify would be considered as satisfying the test." *State v. Reed,* 583 S.W.2d 531, 534 (Mo. App.1979). "To constitute an indirect reference, the comment, when viewed in context, must be of a type which would cause a jury to infer that the remark was a reference to the accused's failure to testify." *Id.*

■ Missouri courts have repeatedly held that a prosecutor may make reference to a defendant's failure to offer evidence. *State v. Sidebottom,* 753 S.W.2d 915, 920 (Mo. banc 1988), *cert. denied* 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988); *State v. Robinson,* 641 S.W.2d 423, 426 (Mo. banc 1982). In *State v. Ramsey,* 820 S.W.2d 663, 667–8 (Mo.App.1991), the Court found no error in a prosecutor's statement that the evidence is "uncontroverted." The Court determined such argument did not naturally and necessarily lead the jury to infer defendant should have testified nor did it direct the jury's attention to defendant's failure to testify.

■ Here, the prosecutor's remarks, almost identical to those in *Ramsey,* were permissible references to Defendant's failure to offer evidence. We find no plain error resulted from the prosecutor's argument.[1]

---

**1.** In this point Defendant also raised the issue that the prosecutor's argument shifted the burden of proof to him. He did not develop an argument nor cite relevant cases to support the issue in the argument section of his brief. We

■ In his last point Defendant argues the trial court erred in giving MAI–CR 3d 302.04 which defines reasonable doubt. He contends that the definition allowed the jury to convict on proof less than "beyond a reasonable doubt." The definition given in this instruction has been repeatedly approved and challenges on appeal denied. *State v. Twenter,* 818 S.W.2d 628, 634 (Mo. banc 1991); *State v. Bogard,* 836 S.W.2d 87, 89 (Mo.App.1992). This point is without merit.

The judgment is affirmed.

FLANIGAN and GARRISON, JJ., concur.

consider the issue abandoned. *State v. Light,* 835 S.W.2d 933, 941 (Mo.App.1992).